UNITED STATES of America and Patrick J. Finnessey, Special Agent of the Internal Revenue Service, Appellees,

v.

Charlene A. MOON, Senior Vice-President, Prudential Savings & Loan Assn., and Prudential Savings and Loan Assn.; Diane Blalock, Assistant Cashier, Boatmens Bank of West County and Boatmens Bank of West County; William Hayse, President, United Missouri Bank of Kirkwood and United Missouri Bank of Kirkwood; Michael C. Bywater, Vice-President, United Postal Savings and United Postal Savings; Robert H. Hoff, Executive Vice-President, Commerce Bank of Kirkwood and Commerce Bank of Kirkwood;

Dr. Paul A. Hein, Jr., Intervenor-Appellant.

No. 79-1434.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 26, 1980.

Decided March 3, 1980.

Rehearing and Rehearing En Banc Denied March 26, 1980.

Dr. Paul A. Hein, Jr., pro se.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Charles E. Brookhart, Philip I. Brennan, Attys., Tax Div., Dept. of Justice, Washington, D.C., Robert D. Kingsland, U.S. Atty., St. Louis, Mo., for appellees.

Before HEANEY, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

This is an appeal from five orders of the district court [1] enforcing five Internal Revenue summonses. For the reasons discussed below, we affirm.

The facts leading to this appeal are not in dispute and may be summarized as follows:

Patrick J. Finnessey is a Special Agent of the Internal Revenue Service. As part of his duties, Special Agent Finnessey was assigned to conduct an investigation into the income tax liability of Dr. Paul A. Hein, Jr. (intervenor below, appellant in the present appeal) for the years 1976 and 1977. As part of that investigation, Special Agent Finnessey issued Internal Revenue summonses to the following named bank officials and their institutions: Charlene A. Moon and Prudential Savings and Loan Association; Diane Blalock and Boatmen's Bank of West County; William L. Hayse and United Missouri Bank of Kirkwood; Michael C. Bywater and United Postal Savings; and Robert H. Hoff and Commerce Bank of Kirkwood. Pursuant to the summonses, the aforementioned bank officials were directed to appear before Special Agent Finnessey to give testimony and to produce bank records relating to the taxpayer. Intervenor-appellant Paul Hein, Jr., subsequently gave written notice to the banks and bank officials not to comply, with the result that the United States and Special Agent Finnessey, on January 9, 1979, instituted proceedings to obtain orders enforcing the summonses under the authority of §§ 7402(b) and 7604(a) of the Internal Revenue Code of 1954. 26 U.S.C. §§ 7402(b), 7604(a).

The petition to enforce the summonses filed with the Eastern District of Missouri incorporated by reference the sworn declaration of Agent Finnessey, stating that the records sought were not in his possession and that the information was necessary in order to determine the correct income tax liability of Paul A. Hein, Jr. By affidavit later entered in the district court record, Agent Finnessey on March 14, 1979, also stated that he had not recommended any criminal prosecution against Dr. Hein, and that to his knowledge the IRS had not recommended that any criminal prosecution be instituted.

On January 10 and 20, 1979, the district court issued show cause orders to the banks and individual bank officials requiring the latter to explain why the summonses should not be enforced. Following a hearing on the show cause order on February 20, 1979,[2] the district court on March 23, 1979, ordered the summonses enforced. Hein, on April 16, 1979, filed a motion for a "Stay of Execution of Order Pending Decision to Appeal," which was denied the same date by the district court. On May 4, 1979, Hein filed timely notice of the present appeal from the orders directing bank officials to comply with the summonses.

Section 7602 of the Internal Revenue Code of 1954, 26 U.S.C. § 7602, grants the Commissioner authority to summon books and records and to take testimony for the purpose of ascertaining a taxpayer's correct tax liability. Under the authority of §§ 7402(b) and 7604(a), the district court is further empowered to issue orders compelling compliance with IRS summonses. The Supreme Court has held that, to obtain enforcement of an IRS summons the Commissioner need only show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to that purpose, that the informa-

---

1. The Honorable H. Kenneth Wangelin, Chief Judge, United States District Court for the Eastern District of Missouri.

2. Hein was represented by counsel at the hearing. Motions and interrogatories filed by appellant both before and after this time, however, were filed by Hein *pro se.*

tion sought is not already within the Commissioner's possession, and that the secretary or his delegate has notified the taxpayer in writing that further examination is necessary. *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1964). The summons must have been issued before the IRS recommends to the Department of Justice the initiation of a criminal prosecution. *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 311–313, 98 S.Ct. 2357, 2364–2365, 57 L.Ed.2d 221 (1978). In essence, the IRS must seek to utilize its summons authority in good faith, for the four purposes of § 7206, *without* impermissible use of the summons to expand the government's criminal discovery rights. *Id.* at 317 & nn. 18–19, 98 S.Ct. at 2367 & nn. 18–19.

██ If the IRS meets its initial burden of showing proper purpose, the burden of showing an abuse of the court's process shifts to the taxpayer. *United States v. Powell, supra*, 379 U.S. at 58, 85 S.Ct. at 255. The government's minimal showing of good faith compliance with summons requirements will establish a prima facie case for enforcement. *United States v. Morgan Guaranty Trust Co.*, 572 F.2d 36 (2d Cir.), *cert. denied sub nom. Keech v. United States*, 439 U.S. 822, 99 S.Ct. 89, 58 L.Ed.2d 114 (1978).

In the present case, the record establishes that the IRS made a prima facie case for enforcement of the summonses. Appellant nevertheless contends that the Service acted in bad faith and that he was denied an opportunity in district court to show this bad faith.

 The prima facie case for enforcement is clear. The petition for enforcement was accompanied by the sworn declaration of Agent Finnessey. Together, these documents allege that information was sought for the valid purpose of ascertaining Hein's correct tax liability and that taxpayers Paul and Loretta Hein had been notified of the summons by registered mail. By supplemental affidavit, Agent Finnessey stated that he had not recommended criminal prosecution and that to his knowledge the IRS

had recommended none. It is recognized that the necessary good faith showing for enforcement can be made by affidavit of the IRS agent, although the agent's personal good faith is less relevant than the IRS's "institutional posture." *United States v. LaSalle Nat'l Bank, supra*, 437 U.S. at 316, 98 S.Ct. at 2367, *citing United States v. Morgan Guaranty Trust Co., supra*, 572 F.2d 36; *United States v. McCarthy*, 514 F.2d 368 (3d Cir. 1975); *United States v. Newman*, 441 F.2d 165, 169 (5th Cir. 1971).

Appellant alleges, however, that the district court denied him an opportunity to cross-examine Agent Finnessey at the show cause hearing. Cross-examination allegedly would have revealed the IRS's improper purposes in seeking the information covered by the summonses.

██ Although the government did not call Finnessey as a witness, government counsel stated that she "anticipate[d] that . . . Finnessey . . . can get up on the stand and testify that no determination has been made as to criminal liability in this case." Appellant Hein was represented by counsel at the hearing and was in no way prevented from calling Finnessey as his own witness. Yet the transcript of the show cause hearing reveals no attempt by appellant to obtain the testimony of Agent Finnessey, no other attempt to prove that Hein was already the target of a criminal investigation, and no evidence tending to show the IRS's bad faith. Appellant's single concern at the show cause hearing was to obtain a definition of "money of account," as discussed below.

On appeal, appellant for the first time alleges the falsity of government affidavits denying criminal investigative purposes, but there is nothing in the record or appellant's briefs to substantiate this claim. In essence, appellant wholly failed to sustain his burden of going forward as described in *LaSalle* and *Powell*. Having failed to show an improper purpose on the part of the IRS such as would bar enforcement of the summonses, he cannot complain that the summonses were improperly enforced.

A second contention raised by appellant is that the district court erred in denying his motion for discovery. The discovery sought by Hein prior to the show cause hearing consisted of interrogatories to Agent Finnessey, which Hein claims would have revealed whether the IRS was competent to determine Hein's correct tax liability.

The Supreme Court has expressly recognized that a district court may limit discovery in summons enforcement proceedings. *Donaldson v. United States*, 400 U.S. 517, 529, 91 S.Ct. 534, 541, 27 L.Ed.2d 580 (1971) (while the Federal Rules of Civil Procedure apply to summons proceedings, a district court may limit application of the rules; the rights of the party summoned must be protected and an adversary hearing, if requested, made available). *See also United States v. Nat'l State Bank*, 454 F.2d 1249, 1252 (7th Cir. 1972) (mere allegations of improper purpose in issuance of summons were insufficient to justify discovery via depositions of IRS agents); *United States v. Troupe*, 438 F.2d 117, 119 (8th Cir. 1971). Recent cases from other circuits have held that where a taxpayer fails to support the claim that he is a "target" of criminal investigation, discovery may be denied. *E. g., United States v. McGuirt*, 588 F.2d 419 (4th Cir. 1978), *cert. denied,* —— U.S. ——, 100 S.Ct. 52, 62 L.Ed.2d 35 (1979).

■ In the present case, it was within the district court's discretion to deny appellant's proposed discovery since, as indicated, appellant failed to raise serious deficiencies in the summonses. There is no unqualified right to pretrial discovery in a proceeding to enforce an IRS summons and, indeed, discovery is the exception rather than the rule. An application of discovery rules which would destroy the summary nature

of enforcement proceedings is not required. *United States v. Morgan Guaranty Trust Co., supra,* 572 F.2d at 42 n. 9; *United States v. Church of Scientology of California,* 520 F.2d 818, 824 (9th Cir. 1975). The use of traditional pretrial discovery mechanisms in summons enforcement proceedings is limited to those cases where the taxpayer makes a substantial preliminary showing of abuse as a prerequisite to even limited discovery. *United States v. Morgan Guaranty Trust Co., supra,* 572 F.2d at 42 n. 9; *United States v. Salter,* 432 F.2d 697, 700 (1st Cir. 1970).

■ Appellant's most persistent argument in these proceedings is that the IRS has refused his many requests for a definition of the "money of account" of the United States.[3] He urges that two results follow from the Service's failure to define this phrase.[4] First, since "money of account" is expressed in dollars, appellant claims he cannot know what constitutes a dollar and cannot determine whether he has such gross income (as stated in dollars) as would require the filing of a tax return under 26 U.S.C. § 6012. Second, Hein argues that the Service's refusal to define "money of account" evidences a "pattern of deceit and harassment" and bad faith. Appellant adopts the posture of one who would willingly comply with federal tax requirements if only the IRS provided him with the requested definition instead of pursuing its summonses in bad faith.

There is no merit in any of these arguments insofar as they represent an attack on the United States' monetary and federal reserve system. Appellant's fascination with the phrase "money of account" apparently derives from the fact that money of account is expressed in dollars, 31 U.S.C. § 371, and that dollars are in turn legally

---

**3.** The phrase appears in 31 U.S.C. § 371:

The money of account of the United States shall be expressed in dollars or units, dimes or tenths, cents or hundredths, and mills or thousandths, a dime being the tenth part of a dollar, a cent the hundredth part of a dollar, a mill the thousandth part of a dollar; and all

accounts in the public offices and all proceedings in the courts shall be kept and had in conformity to this regulation.

**4.** Appellant's *pro se* brief is so inartfully drawn that our summary lends his arguments a clarity that was lacking in the original.

measurable in gold.[5] Appellant's thesis seems to be that the only "legal tender dollars" are those which contain a mixture of gold and silver and that only those dollars may be constitutionally taxed. This contention has been dismissed as frivolous by this circuit. *United States v. Daly*, 481 F.2d 28, 30 (8th Cir.), *cert. denied*, 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973). If, on the other hand, appellant intends to say that Federal Reserve notes are not taxable dollars and cannot be declared legal tender by Congress, this argument too has been rejected. 31 U.S.C. § 392; *United States v. Rifen*, 577 F.2d 1111 (8th Cir. 1978); *United States v. Schmitz*, 542 F.2d 782 (9th Cir. 1976), *cert. denied*, 429 U.S. 1105, 97 S.Ct. 1134, 51 L.Ed.2d 556 (1977); *United States v. Whitesel*, 543 F.2d 1176 (6th Cir. 1976), *cert. denied*, 431 U.S. 967, 97 S.Ct. 2924, 53 L.Ed.2d 1062 (1977).

The only other question regarding "money of account" is whether the IRS's alleged refusal to define the term is proof of the Service's bad faith. Citing 26 C.F.R. §§ 601.701, 601.702,[6] appellant claims he is entitled to a definition of this term upon the Service's receipt of his proper request for a definition. Appellant has not alleged that a definition of "money" or "money of account" has been rendered by the IRS. If such a determination exists and if it exists in the form of a "ruling, determination letter or technical advice letter" within the meaning of 26 C.F.R. § 601.702(d)(11) (1978), appellant might be entitled to a copy of the determination under 26 U.S.C. § 6110.[7] But even assuming the existence of such determination in a disclosable form,

appellant's remedy for non-disclosure of information is to file a petition in the United States Tax Court or a complaint in the United States District Court for the District of Columbia for an order requiring that the written determination be made available. 26 U.S.C. § 6110(f)(4). His remedy is *not*, under *LaSalle* and the above-cited rulings on discovery in summons proceedings, to raise non-disclosure of information as a defense to enforcement of IRS summonses. Furthermore, appellant has himself supplied evidence of the Service's responsiveness to his request for information. *See* letter of Mr. Gene E. Godley, Assistant Secretary of the Department of the Treasury, dated May 21, 1979. Mr. Godley's letter defines "money of account" by citing 31 U.S.C. § 371.[8] It appears that appellant has not so much been denied a definition of "money of account" by the IRS as he is displeased with the definition provided. This contention is frivolous.

Accordingly, we affirm the district court's enforcement of the summonses on the ground that the summonses were issued for a proper purpose and the appellant wholly failed to sustain his burden under *LaSalle* to prove otherwise.

---

5. *See* 31 U.S.C. § 314, which provides in pertinent part:

> The dollar of gold nine-tenths fine consisting of the weight determined under the provisions of section 821 of this title shall be the standard unit of value.

6. These regulations govern public access to three major categories of information in the possession of the IRS, namely information required to be published in the Federal Register, information required to be made available for public inspection, and information required to be made available to any member of the public

upon specific request. The regulations are too lengthy for quotation here.

7. 26 U.S.C. § 6110 provides for public disclosure of written determination, rulings, determination letters and technical advice memorandum of the IRS. As a general rule, 26 U.S.C. § 6110(a) provides that the text of any written determination (as defined in § 6110(b)(1)) shall be open to public inspection.

8. *See* note 3 *supra* for text of 31 U.S.C. § 371.