747 F.2d 491
 84-2 USTC P 9981
 UNITED STATES of America and Larry J. Donati, Special Agent
of the Internal Revenue Service, Appellees,
v.
Vincent E. CLAES as Assistant Office Manager of Computerized
Professional Accounting, Inc., Edward E. Dinnius
and Commercial Transmission, Inc., Appellants.
UNITED STATES of America and Larry J. Donati, Special Agent
of the Internal Revenue Service, Appellees,
v.
Hugo E. GRIMM as Senior Vice President of Community Federal
Savings & Loan Association, Edward E. Dinnius and
Commercial Transmission, Inc., Appellants.
UNITED STATES of America and Larry J. Donati, Special Agent
of the Internal Revenue Service, Appellees,
v.
Garry L. GUSTAFSON as Cashier, Charter Bank Webster Groves
Trust, Edward E. Dinnius and Commercial
Transmission, Inc., Appellants.
UNITED STATES of America and Larry J. Donati, Special Agent
of the Internal Revenue Service, Appellees,
v.
Sanford BLUME, Edward E. Dinnius and Commercial
Transmission, Inc., Appellants.
UNITED STATES of America and Larry J. Donati, Special Agent
of the Internal Revenue Service, Appellees,
v.
Edward E. DINNIUS as President of Commercial Transmission,
Inc., Edward E. Dinnius and Commercial
Transmission, Inc., Appellants.
 No. 83-2250.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 18, 1984.
Decided Nov. 6, 1984.
 
 David V. Capes, Clayton, Mo., for appellant.
 Thomas Gick, Washington, D.C., for appellee.
 Before ROSS, McMILLIAN and ARNOLD, Circuit Judges.
 McMILLIAN, Circuit Judge.
 
 
 1
 Edward E. Dinnius (taxpayer) appeals from a final order entered in the District Court[1] for the Eastern District of Missouri directing enforcement of five Internal Revenue Service (IRS) summonses issued to third party recordkeepers[2] and to taxpayer as President of Commercial Transmission, Inc. For reversal taxpayer argues that the district court erred in (1) ordering enforcement of the summonses because the evidence presented by taxpayer overcame the government's prima facie case of good faith and (2) denying taxpayer's motion for discovery because taxpayer made a substantial preliminary showing of abuse which is required for additional discovery. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 In April 1981, IRS Special Agent Larry Donati, having received information from an unidentified informant, began an investigation into the tax liability of taxpayer for the tax years 1977 through 1980. On October 20, 1981, the IRS issued summonses to four third party recordkeepers. The summonses required a personal appearance and the production of books and records. On October 21, 1981, the IRS notified taxpayer of the summonses as required by 26 U.S.C. Sec. 7609(a) (1976). Taxpayer instructed those summoned not to appear and subsequently none appeared.
 
 
 3
 Taxpayer also filed with the IRS a request under the Freedom of Information Act (FOIA), 5 U.S.C. Sec. 552 (1982), for records in the IRS's possession relating to the "criminal investigation" against him for the years 1977 through 1980. This request was granted in part.
 
 
 4
 On October 29, 1981, a fifth summons was issued to taxpayer as president of Commercial Transmission, Inc. Taxpayer appeared as required but refused to produce the books and records of Commercial Transmission or to answer questions.
 
 
 5
 On August 9, 1982, the IRS filed separate petitions seeking judicial enforcement of all five summonses pursuant to 26 U.S.C. Secs. 7402(b) and 7604(a) (1982). Accompanying each petition was an affidavit of Special Agent Donati stating that he was conducting an investigation into the tax liability of taxpayer for the tax years 1977 through 1980; that the records being summoned were not already in the possession of the IRS; that the records were necessary to the investigation; that all administrative steps required for the issuance of the summonses had been taken; and that no recommendation to prosecute taxpayer had been made to the Department of Justice.
 
 
 6
 On August 10, 1982, the district court ordered the third-party recordkeepers and taxpayer to appear and show cause why the summonses should not be enforced and referred the cases to Magistrate William Bahn for further proceedings.
 
 
 7
 On August 31, 1982, taxpayer and Commercial Transmission, Inc., filed joint motions to intervene in the four original proceedings pursuant to 26 U.S.C. Sec. 7609(b) (1982). With each answer, they filed a motion, pursuant to Rule 34 of the Federal Rules of Civil Procedure, requesting the government to produce for their inspection and copying all documents relating to the investigation of taxpayer's tax liability. Additionally they filed a motion to take the depositions of Special Agent Donati and Group Supervisor Robert Zavaglia.
 
 
 8
 At the enforcement hearing held on September 1, 1982, the magistrate consolidated the five summons enforcement proceedings. On August 12, 1983, the district court adopted the magistrate's finding that taxpayer's arguments were without any legal or factual merit, denied the motion for discovery, and ordered the summonses to be enforced. This appeal followed.
 
 I. Enforcement of the Summonses
 A. Pre-TEFRA case law
 
 9
 Title 26 U.S.C. Sec. 7602 (1976),[3] provides that the IRS, through the use of an administrative summons, may examine any books, papers, records, or persons in determining the tax liability of any person or ascertaining the correctness of any return.[4] The IRS, however, has no power of its own to enforce the summons but must apply to the district court in order to compel production of requested materials. Id. Sec. 7604.
 
 
 10
 To obtain enforcement of a Sec. 7602 summons, the IRS must fulfill certain requirements. First, the summons must be issued before the IRS recommends to the Department of Justice that a criminal prosecution be undertaken. United States v. LaSalle National Bank, 437 U.S. 298, 318, 98 S.Ct. 2357, 2368, 57 L.Ed.2d 221 (1978). Second, the IRS must show it has satisfied four standards of good faith: (1) the investigation is being conducted pursuant to a legitimate purpose; (2) the inquiry is relevant to that purpose; (3) the IRS does not already possess the information sought; and (4) the administrative steps required by the Internal Revenue Code have been followed. United States v. Powell, 379 U.S. 48, 57-58, 85 S.Ct. 248, 254-255, 13 L.Ed.2d 112 (1964).
 
 
 11
 Once the IRS establishes a prima facie case, the burden shifts to the party summoned to disprove one of these elements or to demonstrate that judicial enforcement of the summons would otherwise constitute an abuse of the court's process. That burden is a heavy one. The party must show either that the IRS is acting in bad faith or that the IRS has abandoned any civil purpose in the investigation. United States v. LaSalle National Bank, 437 U.S. at 313-14, 98 S.Ct. at 2365-66; United States v. Lask, 703 F.2d 293, 297 (8th Cir.), cert. denied, --- U.S. ----, 104 S.Ct. 104, 78 L.Ed.2d 107 (1983); United States v. Barter Systems, 694 F.2d 163, 167 (8th Cir.1982); United States v. Moon, 616 F.2d 1043, 1045-46 (8th Cir.1980).
 
 
 12
 In the present case, it is not disputed that the IRS made a prima facie case. Taxpayer argues, however, that the IRS had acted in bad faith, had issued the summonses in furtherance of an investigation solely criminal in nature, and had abandoned any civil purpose in the investigation.
 
 
 13
 Taxpayer argues that the IRS's bad faith and the absence of any civil purpose are evidenced by the following: (1) the information received from the informant was logged in by the IRS at its Kansas City Service Center as category "16," a solely criminal investigation classification with no civil aspects; (2) the case number was referred to the Criminal Investigation Division in Washington; (3) some of taxpayer's FOIA requests were denied by the district director because of the criminal nature of the investigation; (5) Special Agent Donati contacted the St. Louis Metropolitan Police Department for information and stated the investigation was criminal; (6) a revenue agent was not assigned to the case until after the summonses were issued; and (7) no audit or examination was ever scheduled or conducted.
 
 
 14
 Because any tax fraud inquiry involves civil and criminal elements that are "inherently intertwined," the Supreme Court has held that the IRS may issue a summons even though the investigation potentially may result in a recommendation for criminal prosecution of the taxpayer. United States v. LaSalle National Bank, 437 U.S. at 309, 98 S.Ct. at 2363; Donaldson v. United States, 400 U.S. 517, 532-36, 91 S.Ct. 534, 543-45, 27 L.Ed.2d 580 (1971). Under Sec. 7602 the IRS, however, may not utilize its summons power when the sole purpose of its investigation is to gather evidence for a criminal prosecution. United States v. LaSalle National Bank, 437 U.S. at 316-18, 98 S.Ct. at 2367-68; Donaldson v. United States, 400 U.S. at 533, 91 S.Ct. at 543. The question whether a summons was issued solely for the purpose of criminal investigation does not depend on the motive of the investigating agent but must be "answered by an examination of the institutional posture of the IRS" at the time the summons was issued. United States v. LaSalle National Bank, 437 U.S. at 316, 98 S.Ct. at 2367.
 
 
 15
 The nature of the IRS's institutional posture at the time the summons was issued is a question of fact. The appellate court will sustain the district court's finding unless the decision is clearly erroneous. United States v. Davis, 636 F.2d 1028, 1036 (5th Cir.), cert. denied, 454 U.S. 862, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981); United States v. Goldman, 637 F.2d 664, 666 (9th Cir.1980).
 
 
 16
 In this case the district court's decision that the institutional posture of the IRS at the time the summonses were issued was not solely criminal is not clearly erroneous. Special Agent Donati's affidavits and testimony at the hearing indicated that (1) special agents often investigate the criminal and civil aspects of an IRS case, (2) he was conducting a joint criminal and civil investigation, (3) the reporting of a case number did not indicate that the case was assigned to the Criminal Investigation Division, (4) the five summonses were necessary and relevant to determine the correct tax liability of appellant, (5) neither had he contacted any other federal law enforcement agent nor had he made any agreement to turn over documents to another agency (nor had any agency requested the documents), and (6) his investigation was not complete and therefore he had made no decision concerning prosecution.
 
 
 17
 The facts relied on by taxpayer do not prove the nonexistence of a civil purpose or establish bad faith. Neither the involvement of a special agent, United States v. LaSalle National Bank, 437 U.S. at 314-16, 98 S.Ct. at 2366-67; Couch v. United States, 409 U.S. 322, 326, 93 S.Ct. 611, 614, 34 L.Ed.2d 548 (1973); Donaldson v. United States, 400 U.S. at 535-36, 91 S.Ct. at 544-45; United States v. Lask, 703 F.2d 293, 298-99 (8th Cir.1983); United States v. Pillsbury Credit Union, 661 F.2d 1195, 1197 (8th Cir.1981) (per curiam), nor the referral of the case number to the Criminal Investigation Division, United States v. Lask, 703 F.2d at 299, nor the intent of an agent to build a criminal case, United States v. LaSalle National Bank, 437 U.S. at 314-15, 98 S.Ct. at 2366, has been held to be determinative of IRS institutional posture. The other factors relied on by taxpayer (contacting the St. Louis Metropolitan Police Department, the denial of documents requested under the FOIA) also do not negate the existence of a civil purpose. Finally, the district court did not find the late entry of the revenue agent (after the issuance of the summonses) or the absence of an audit or evaluation to be persuasive on the issue. While taxpayer's arguments may have some merit, we cannot say that the decision of the district court was clearly erroneous.
 
 B. TEFRA
 
 18
 The government argues for the first time on appeal that the issuance of these summonses is controlled by the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub.L. No. 97-248, 96 Stat. 324 (codified as amended in scattered sections of 26 U.S.C.). Section 333(a) of TEFRA amends 26 U.S.C. Sec. 7602[5] and expands the purpose for which a summons may be issued to "include the purpose of inquiry into any offense connected with the internal revenue laws." 26 U.S.C. Sec. 7602(b) (1982). The amendments eliminate the need to inquire into the institutional posture of the IRS. The IRS may issue a summons for a solely criminal purpose as long as the case has not been referred to the Department of Justice for criminal prosecution or grand jury investigation. Id. Sec. 7602(c).
 
 
 19
 The government argues that this amendment should be applied retroactively to the summonses in this case. TEFRA became effective on September 4, 1982, while this case was pending in the district court. The summonses were issued in October 1981, approximately one year prior to the effective date of the amendments.
 
 
 20
 Resolution of this issue would not affect our decision in this case. Therefore, we do not decide this question.
 
 II. Discovery
 
 21
 The Supreme Court and this court have recognized that a district court may limit discovery in IRS summons enforcement proceedings. Donaldson v. United States, 400 U.S. at 528-29, 91 S.Ct. at 541; United States v. Lask, 703 F.2d at 300; United States v. National Bank, 622 F.2d 365, 367 (8th Cir.1980) (per curiam); United States v. Moon, 616 F.2d at 1047. "There is no unqualified right to pretrial discovery in a proceeding to enforce an IRS summons and, indeed, discovery is the exception rather than the rule.... An application of discovery rules which would destroy the summary nature of enforcement proceedings is not required." Id. at 1047. The taxpayer must make a substantial preliminary showing of abuse of the court's process before even limited discovery need be ordered. United States v. Lask, 703 F.2d at 300; United States v. Moon, 616 F.2d at 1047.
 
 
 22
 In the present case, taxpayer was afforded an enforcement hearing and the opportunity to fully cross-examine Special Agent Donati and to present evidence. There was no substantial preliminary showing of abuse to warrant limited discovery. We hold, therefore, that the district court did not abuse its discretion in denying the request for discovery.
 
 
 23
 The order of the district court enforcing the summonses is affirmed.
 
 
 
 [1]
 The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri
 
 
 [2]
 Summonses were issued to the following recordkeepers: Computerized Professional Accounting, Inc., Community Federal Savings & Loan Association, Charter Bank Webster Groves Trust, Sanford Blume, and Commercial Transmission, Inc
 
 
 [3]
 26 U.S.C. Sec. 7602 was subsequently amended by the Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. No. 97-248, 96 Stat. 324. This amendment is discussed infra at pages 495 - 496
 
 
 [4]
 Sec. 7602. Examination of books and witnesses
 For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized--
 (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
 (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
 (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.
 
 
 [5]
 Specifically, 26 U.S.C. Sec. 7602(b), as amended by TEFRA, provides:
 SEC. 7602 [as amended by Sec. 333(a), Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. No. 97-248, 96 Stat. 324]. EXAMINATION OF BOOKS AND WITNESSES.
 ....
 (b) Purpose May Include Inquiry Into Offense.--The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.