21 F.3d 433
 73 A.F.T.R.2d 94-1797
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA; Ione Reddy, Revenue Agent of the
Internal Revenue Service, Appellees,
v.
John GOODRICH, Appellant.
 Nos. 93-2654, 3019.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 7, 1994.
Filed: April 13, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Internal Revenue Service served a summons on tax preparer John E. Goodrich, directing him to give testimony and to produce certain tax returns and the names and tax identification numbers of the taxpayers. When Goodrich failed to comply, the IRS petitioned to enforce the summons. See 26 U.S.C. Secs. 7402(b), 7604(a). The district court[1] ordered Goodrich to comply with the summons within thirty days. When Goodrich appealed but did not comply, the district court held him in contempt but stayed that order pending resolution of the appeal. Goodrich appealed the contempt, we consolidated the two appeals, and we now affirm.
 
 
 2
 In the district court, the IRS established a prima facie case for enforcing its summons by submitting an agent's sworn declaration that she was investigating Goodrich's tax return preparer liabilities for the years 1990 and 1991; that she needed the data to properly investigate those liabilities; that the data sought was not already in the IRS's possession; and that all administrative steps required for issuance of the summons had been taken. See United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993); United States v. Moon, 616 F.2d 1043, 1046 (8th Cir. 1980). This shifted to Goodrich a "heavy" burden to show that enforcing the summons would constitute an abuse of process. See United States v. Claes, 747 F.2d 491, 494 (8th Cir. 1984). We agree with the district court that Goodrich's conclusory allegations of IRS misconduct were insufficient to meet this burden or to warrant an evidentiary hearing. See United States v. National Bank of South Dakota, 622 F.2d 365, 367 (8th Cir. 1980). Goodrich further argued at the contempt proceeding that the summons was improper because the IRS could access the information sought through its computers. Assuming without deciding that this contention was timely raised, it is without merit. We interpret this requirement "in favor of a practical approach to IRS accessibility." United States v. John G. Mutschler & Assoc., Inc., 734 F.2d 363, 367-68 (8th Cir. 1984).
 
 
 3
 Goodrich next argues that this is a "John Doe summons" requiring prior judicial approval because it seeks information about unidentified clients. See 26 U.S.C. Sec. 7609(f). We disagree. Goodrich is the named party under investigation, and he failed to rebut the IRS's prima facie showing that the material sought was relevant to the investigation of his liability as a tax return preparer. See Tiffany Fine Arts, Inc. v. United States, 469 U.S. 310, 324 (1985). Likewise, Goodrich's contention that the district court lacked jurisdiction to hold him in contempt after he appealed the enforcement order without obtaining a stay is without merit. See United States v. Rue, 819 F.2d 1488, 1490-91 (8th Cir. 1987). And his contention that compliance would have mooted his first appeal was answered in Church of Scientology of California v. United States, 113 S. Ct. 447, 452 (1992).
 
 
 4
 We have carefully considered Goodrich's remaining arguments and conclude they are without merit. The orders of the district court are affirmed.
 
 
 
 [1]
 The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota