# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1349

_____

United States of America,              *
                                           *
          Plaintiff-Appellee,       *
                                           *   Appeal from the United States
      v.                        *   District Court for the
                                         *   Eastern District of Missouri.
Philip A. Kaiser;           *
Douglas M. Mueller,       *
                                         *
          Defendants-Appellants.   *

_____

Submitted: January 10, 2005
Filed: February 10, 2005

_____

Before LOKEN, Chief Judge, MORRIS SHEPPARD ARNOLD and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Philip Kaiser and Douglas Mueller appeal from an order enforcing Internal Revenue Service (IRS) summonses seeking tax shelter information. They argue that the district court[1] erred in finding that the IRS had a legitimate purpose for its investigation and that the information sought was relevant to such a purpose. We affirm.

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

After investigating a charitable family limited partnership which two clients of Kaiser and Mueller had used to obtain significant deductions for charitable contributions, IRS Agent Cheryl Kiger concluded that the partnership was an abusive tax shelter. She sought approval from the IRS Lead Development Center for an investigation into whether Kaiser and Mueller were promoting or distributing abusive tax shelters, in violation of I.R.C. § 6700, and whether injunctive relief should be pursued under I.R.C. § 7408. The Center gave its approval on July 23, 2002 and the case was assigned to Agent Kiger, who first recorded work on the matter in late December. In the interim Kiger had completed her investigation of the two clients and issued a report proposing substantial adjustments to their tax liability. In January Mueller informed Agent Kiger that his clients would protest her report. Both Kaiser and Mueller had previously succeeded in obtaining reductions of adjustments proposed by Agent Kiger.

In February 2003 Agent Kiger sent letters notifying Kaiser and Mueller of her investigation. Kaiser requested a meeting with her, and Kiger and three other IRS officials met with appellants about the investigation on March 6, 2003. At the end of the meeting, Agent Kiger issued eight summonses to Kaiser and Mueller. The summonses requested information concerning a number of tax shelters described on a website they maintained, a site she had discovered during her earlier investigation of their clients. The summonses also sought information regarding the purchasers of these tax shelters.

Kaiser and Mueller appeared before Agent Kiger on March 17, 2003. Mueller produced a number of documents but refused to provide the IRS with any materials disclosing client identities, offering redacted versions in their place. IRS counsel thereafter referred the summonses to the Department of Justice, which petitioned the district court for their enforcement.

Applying the standard articulated in United States v. Powell, 379 U.S. 48, 57-58 (1964), the district court held that the government had established a prima facie case for enforcement of the summonses. The court concluded that they had been issued for the legitimate purpose of determining whether Kaiser and Mueller had unlawfully promoted abusive tax shelters; that information regarding their dealings with other clients was material and necessary to determine whether they had acted unlawfully and whether injunctive relief should be pursued; that the IRS did not already have the information sought; and that the IRS had completed all of the necessary administrative steps for a summons to issue. The court also rejected appellants' argument that it would be an abuse of process to enforce the summonses because Agent Kiger was motivated to retaliate for their prior success in appealing her proposals.

Kaiser and Mueller appeal on two separate grounds. First, they argue that the investigation of their conduct was "lousy with improper purpose" and that the government has not shown that the IRS had a legitimate basis for its inquiry. They complain that Agent Kiger had a conflict of interest by investigating their clients and them simultaneously; that Kiger pursued her investigation in retaliation for their clients' appeal of her proposed adjustment; that Kiger intended her investigation to drive a wedge between them and their clients; that Kiger lacked sufficient familiarity with their clients' charitable family limited partnership to justify her recommendation of an investigation; and that neither this partnership nor other entities described on the Kaiser and Mueller website had been listed by the IRS as abusive tax shelters. Second, appellants argue that the identity of their clients is not relevant to the IRS investigation and that they had offered the agency all of the records sought, only redacting identifying information.

After reviewing the district court's decision for clear error, see Tax Liabilities of John Does v. United States, 866 F.2d 1015, 1019 (8th Cir. 1989), we cannot say that enforcement of the summonses was improper. The government demonstrated

-3-

that its investigation was supported by the legitimate purpose of determining whether Kaiser and Mueller had violated I.R.C. § 6700 and could thus be subject to injunctive relief under I.R.C. § 7408.  See I.R.C. § 7602(b) (summonses permitted for "purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws").  The government also demonstrated that the client information sought was directly relevant to these ends.  Kaiser and Mueller's speculative assertions of impropriety do not meet the heavy burden required to disprove the legitimacy of the IRS investigation nor the relevance of the records it pursues.  United States v. Claes, 747 F.2d 491, 494 (8th Cir. 1984).

For these reasons we affirm the order of the district court.

_____