# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1373

_____

Patrick L. Bohall; Jan Bohall,    *
                                  *
         Appellants,              *
                                  *
                                  *  Appeal from the United States
    v.                            *  District Court for the
                                  *  Southern District of Iowa.
United States of America; Internal *
Revenue Service; Department of the *
Treasury; Siouxland Federal Credit *
Union; Nationwide Advantage        *
Mortgage Company; Beth Thompson,  *
in her official and individual capacity; *  [UNPUBLISHED]
Premier Senior Marketing, Inc.;   *
Michael J. Kobolt, in his official *
capacity,[1]                      *
                                  *
         Appellees.               *

_____

Submitted: July 30, 2009
Filed: August 4, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

--------------------

[1]Beth Thompson's name was spelled incorrectly on the district court's docket sheet and caption. Although Michael J. Kobolt was a defendant, he was not listed as a defendant on the district court's docket sheet and caption.

Patrick Bohall and Jan Bohall appeal the district court's[2] dismissal of their action to quash summonses issued by the Internal Revenue Service (IRS) to third parties. On appeal, the Bohalls argue (1) the IRS Special Agents who issued the summonses did not obtain the signatures of supervisory officials, which violated a written IRS administrative order and rendered the summonses unenforceable under United States v. Powell, 379 U.S. 48, 57-58 (1964) (to enforce summons, Commissioner must show, inter alia, that administrative steps required by Internal Revenue Code have been followed); (2) one of the summonses is unenforceable for the additional reason that it was served on a "third-party recordkeeper" within the meaning of 26 U.S.C. § 7603(b)(2)(D) (brokers), and the Bohalls did not receive notice of that summons, as required under 26 U.S.C. § 7609(a)(2) for such summonses; and (3) the district court deprived them of due process by converting motions to dismiss into motions for summary judgment.

First, we conclude that the district court did not clearly err in finding that the IRS Special Agents did not violate the administrative order at issue, because that order, read as a whole, delegated to Special Agents (unlike some other types of officers and agents) the authority to issue summonses without the approval or signature of a supervisory official. See United States v. Kaiser, 397 F.3d 641, 642-43 (8th Cir. 2005) (reviewing district court's determination under Powell for clear error); United States v. Lask, 703 F.2d 293, 297 (8th Cir. 1983) (once IRS establishes prima facie case, burden shifts and party challenging summons bears "heavy" burden to disprove Powell elements or demonstrate that judicial enforcement of summons would otherwise constitute abuse of court's process).

Second, the district court did not err in rejecting the Bohalls' unsubstantiated argument that one of the parties receiving a summons was a "broker" and thus was a

_____

[2]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

"third-party recordkeeper" within the meaning of section 7603(b)(2)(D). <u>See</u> 26 U.S.C. § 7603(b)(2)(D) ("third-party recordkeeper" refers to, inter alia, "any broker," as defined in 15 U.S.C. § 78c(a)(4)); 15 U.S.C. § 78c(a)(4) ("broker" generally means "any person engaged in the business of effecting transactions in securities for the account of others"); <u>see also</u> <u>Robert v. United States</u>, 364 F.3d 988, 994 (8th Cir. 2004) ("We review under a de novo standard the district court's summary enforcement of, and refusal to quash, an IRS summons.").

Finally, we see no merit in the Bohalls' argument that the procedures used by the district court resulted in a denial of due process, especially given that the Bohalls had an opportunity to respond to the motions to dismiss. <u>Cf.</u> <u>United States v. McDonnell Douglas Corp.</u>, 751 F.2d 220, 228-30 (8th Cir. 1984) (holding that district court's use of summary proceedings to enforce subpoena did not violate due process; "[d]eparting from the summary nature of a subpoena enforcement proceeding is the exception rather than the rule"; issues before district court were properly resolved based on parties' affidavits and briefs; and defendant was required to show that there were disputed questions of material fact, but failed to do so).

The judgment of the district court is affirmed. <u>See</u> 8th Cir. R. 47B.

_____