**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Geoffrey DISSTON, Defendant-Appellant.**

**No. 79–1076.**

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 26, 1979.

Decided Jan. 7, 1980.

---

12. But see note 9 *supra*.

Allan A. Ackerman, Chicago, Ill., for defendant-appellant.

Thomas P. Sullivan, U. S. Atty., Michael L. Siegel, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, CUMMINGS and BAUER, Circuit Judges.

BAUER, Circuit Judge.

Appellant-defendant Geoffrey Disston and co-defendant Roger K. Camp were convicted of six counts of engaging in a scheme to defraud by using false, fraudulent and fictitious certificates of deposit, drafts and other obligations of the Bank of Sark in violation of 18 U.S.C. §§ 1341, 1343 and 371. After his conviction was affirmed on direct appeal, *United States v. Disston*, 525 F.2d 694 (7th Cir. 1975), Disston petitioned for a writ of habeas corpus, 28 U.S.C. § 2255, and moved for a new trial on the basis of newly discovered evidence concerning alleged informant activities of co-defendant Camp. We vacated the denial of his petition and remanded for an evidentiary hearing. *United States v. Disston*, 582 F.2d 1108 (7th Cir. 1978). After the mandated hearing, the district court again dismissed Disston's petition and denied his motion for a new trial. We affirm.

## I.

During pretrial discovery, defendant Disston requested a report of statements of co-defendant Camp and also requested a report of any electronic surveillance of Camp. When it responded, the Government did not disclose that Camp had recently attempted to become an informer for the Government in another investigation. Camp had offered to arrange the purchase of counterfeit money or stolen securities and had given the Secret Service a tape recording of a conversation between Camp

and an attorney who was to act as a middleman in the sale transaction. The investigation was unrelated to the Bank of Sark fraud, and none of the proposed transactions were ever effectuated.

■ *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), obligates the Government to turn over all "evidence favorable to an accused upon request . . . where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87, 83 S.Ct. at 1197. Even if the withheld evidence is not conclusively material, nondisclosure of information is reversible error when "the prosecutor's failure to reveal the evidence was not in good faith." *United States v. Esposito,* 523 F.2d 242, 249 (7th Cir. 1975), *cert. denied,* 425 U.S. 916, 96 S.Ct. 1517, 47 L.Ed.2d 768 (1976). The propriety of the Government's failure to turn over the requested material in this case turns, therefore, on both the materiality of the evidence and the Government's alleged bad faith in not disclosing its existence.

In our remand decision, we directed the district court to conduct a hearing to determine whether the withheld information was material to Disston's guilt or punishment or whether it was withheld in bad faith. *United States v. Disston,* 582 F.2d 1108, 1110, 1112 (7th Cir. 1978).

■ The district court, after the mandated hearing, held adversely to appellant on both issues. The court found first that the prosecutors acted in good faith in not disclosing the tape recording or Camp's attempt to become a Government informer. Second, the court found that the information withheld was not material to Disston's trial.

The district court based its findings of immateriality on the irrelevancy of the information to any aspect of the Bank of Sark case. Camp, the court found, had attempted to cooperate with the Government on matters completely unrelated to the Bank of Sark indictments or the Disston-Camp trial. Once Camp proved unsuccessful in arranging the proposed transac-

tions, the Secret Service refused to participate further. Neither the Secret Service nor the United States Attorney's office made any "deals" with Camp relating to the Disston-Camp trial.

The Government is, of course, under "no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor." *United States v. Agurs,* 427 U.S. 97, 106, 96 S.Ct. 2392, 2399, 49 L.Ed.2d 342 (1976). The court must be convinced that the suppressed evidence might have affected the outcome of the trial. *Id.* at 104, 96 S.Ct. at 2397. The record here reveals no more than an unsuccessful attempt by Camp to ingratiate himself with the Government. The withheld information was in no way material to Disston's guilt or punishment. Compare *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) (promise of leniency to key Government witness not revealed to defendant a violation of *Brady* rule).

Disston asserts that the withheld information was material to his motion to sever his trial from Camp's based on an antagonistic defense. The district court found that the information, even if produced, "would not have shown any conflict between the defendants' theories or between their evidence and, since they were charged with a conspiracy, they would have still been tried together." We agree. Appellant's claim of an antagonistic defense never materialized; the two co-defendants testified favorably to one another at trial.

■ Second, appellant claims that the information was subject to production under Rule 16(a) of the Federal Rules of Criminal Procedure. Rule 16(a), however, applies only to statements relevant to the indictment. The district court specifically found that the withheld information was in no way relevant and would not have been allowed to come out in the presence of the jury. Moreover, Rule 16(a) applies only to statements of the defendant. While we have occasionally held that statements of co-defendants may be produced under Rule 16(a), *United States v. McMillen,* 489 F.2d 229, 231 (7th Cir. 1972), *cert. denied,* 410

U.S. 955, 93 S.Ct. 1420, 35 L.Ed.2d 687 (1973), we have expressly stated that it is a matter left to the trial judge's discretion. *United States v. Zarattini*, 552 F.2d 753, 757–58 (7th Cir.), *cert. denied*, 431 U.S. 942, 97 S.Ct. 2661, 53 L.Ed.2d 262 (1977).

■ Finally, appellant argues that his request for Camp's statements qualified as a request for exculpatory material under the Jencks Act, 18 U.S.C. § 3500. Camp's statements were not producible under that Act because he was not called as a Government witness, a prerequisite to the Act's applicability. *Id.*

### II.

Appellant next argues that the information was withheld in bad faith. The Government acted in bad faith, according to appellant, because Government counsel made a conscious decision not to disclose the information known to them.

■ A conscious decision, however, is not tantamount to bad faith. The Government attorneys testified that they believed the information was not relevant to the Disston-Camp trial and not subject to production under Rule 16(a). The court found that the attorneys did not "intentionally and knowingly . . . deprive the defendant of something which he should otherwise have received." The prosecutors also categorically denied that they received any confidential trial strategy or other defense information; appellant presented no contrary evidence. The court's determination that the prosecutors acted in good faith was well-founded and not clearly erroneous. Since the information was not withheld in bad faith, we are less inclined to hold the unproduced evidence material. *United States v. Esposito*, 523 F.2d at 248.*

■ We are convinced that the trial court properly found, upon an examination of the entire record, that the withholding of

information was not material and thus did not deprive appellant of a fair trial under the rule of *Brady v. Maryland*. We further affirm his ruling that Disston was not entitled to a new trial under Rule 33 of the Federal Rules of Criminal Procedure because the withheld information was not relevant. The judgment of the district court is

**AFFIRMED.**

---

* The good or bad faith of the prosecuting attorneys may no longer be a factor in determining whether nondisclosure of information requires reversal of a conviction. *United States v. Agurs*, 427 U.S. at 110, 96 S.Ct. at 2400. That case relies exclusively on the materiality of the evidence withheld. We need not reach the issue because of our finding that the withheld information was not material.