UNITED STATES of America, Appellee,

v.

Danny W. KRAUTH, Appellant.

No. 84–1723.

United States Court of Appeals,
Eighth Circuit.

Submitted May 17, 1985.

Decided July 29, 1985.

Michael L. Pritzker, Chicago, Ill., for appellant.

John Jarvey, Dept. of Justice, Washington, D.C., for appellee.

1. The Honorable Edward J. McManus, United States Senior District Judge for the Northern District of Iowa.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

McMILLIAN, Circuit Judge.

Danny W. Krauth appeals from a final judgment entered in the District Court[1] for the Northern District of Iowa pursuant to his conditional plea of guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (1982), two counts of knowing and intentional possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (1982), and four counts of income tax evasion in violation of 26 U.S.C. § 7201 (1982). The district court sentenced appellant to the maximum term and imposed the maximum fine allowable for each of the said offenses. For reversal appellant argues that the district court erred in denying his motions (1) for discovery of information regarding mail cover, (2) for dismissal of the indictment, and (3) to suppress evidence seized under two search warrants. For the reasons discussed below, we affirm the judgment of the district court.

Drug Enforcement Administration (DEA) and Internal Revenue Service (IRS) agents, who had been conducting separate investigations of appellant, jointly requested a state search warrant for appellant's residence, which was granted on December 7, 1983. IRS agent Frank Lavia had been investigating appellant since April 1982 for federal income tax evasion. DEA agents had been investigating appellant for drug trafficking since November 1974. Federal and state agents searched appellant's residence and seized approximately three ounces each of cocaine and marijuana, cocaine cutting material, other drug paraphernalia, and $3,017.00 in cash. A federal complaint was filed charging appellant with possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (1982). The complaint was dismissed De-

cember 12, 1983, on a motion by the government.

On January 11, 1984, the DEA and IRS agents obtained a second state search warrant for appellant's residence based on information that the federal agents had elicited from a federal grand jury witness. Execution of the second warrant revealed a floor safe hidden in an outbuilding located on appellant's property. The safe contained 362 grams of cocaine and silver coins. Additionally, the federal agents seized approximately $3,800.00 in cash, marijuana and business receipt books from appellant's home.

A state criminal complaint was filed on January 11, 1984, charging appellant with possession of cocaine with intent to deliver. These state criminal charges were dropped after a federal grand jury indicted appellant with one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (1982), two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (1982), and four counts of income tax evasion in violation of 26 U.S.C. § 7201 (1982).

Appellant filed several pretrial motions, including motions to dismiss the indictment, for production of documents, and for disclosure of information regarding mail cover. The district court ordered the government to preserve all "statements" in its possession which arguably must be produced under 18 U.S.C. § 3500 and Fed.R. Crim.P. 26.2, and denied the remaining motions. The district court subsequently granted appellant leave to file a supplemental motion for production of information regarding mail cover and a motion to quash search warrants and suppress all evidence resulting therefrom. In addition, appellant requested consideration of certain affidavits *in camera* and a *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), hearing. The district court denied all of appellant's pretrial motions. The government and appellant then entered into four pretrial stipulations regarding the foundation of certain drug and tax evidence. On May 24, 1984, appellant entered a conditional plea of guilty to all the charges pursuant to Fed.R.Crim.P. 11, thereby reserving the right to appeal certain pretrial determinations made by the district court.

■ Appellant first argues on appeal that the district court erred in denying his motions for discovery of information regarding mail cover. During the course of the investigation leading to appellant's indictment, federal agents requested that the United States Postal Service initiate a mail cover of appellant's mail.[2] Appellant argues that the mail cover developed into a warrantless search of his mail and, therefore, all evidence developed from the mail cover should be suppressed. To support his allegation appellant tendered an offer of proof that certain postal employees would testify that some of his first class mail had been improperly opened and then taped shut. Appellant contends that the Federal Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), require that his pretrial motions for discovery be granted. The government denied that the mail cover was executed improperly and argued that appellant's offer of proof was insufficient to support a broad scale discovery order. The district court held, citing Fed. R.Crim.P. 26.2 and 18 U.S.C. § 3500, that

---

**2.** Mail cover is the process by which a record is made of any data appearing on the outside cover of any class of mail. Mail cover also includes checking the contents of any second, third or fourth class mail in order to obtain evidence of the commission or attempted commission of a crime. 39 C.F.R. § 233.3(c)(1) (1985). The Chief Postal Inspector or his or her designee is granted the authority to impose a mail cover whenever a written request is received from any law enforcement agency speci-

fying reasonable grounds necessitating the use of a mail cover. *Id.* § 233.3(d)(2)(ii). Postal Service employees may not break or permit the breaking of the seal of any first class mail without a search warrant. *Id.* § 233.3(g)(1).

Law enforcement agents are not allowed to examine the actual mail, but are limited to making copies of the postal document log containing the information on the face of mail. *Id.* § 233.3(i).

appellant's offer of proof was insufficient to support his motions for discovery and also noted that the federal government is not required to disclose nonexculpatory information concerning witnesses or government documents prior to trial. We agree.

■ The United States Postal Service regulations pertaining to mail cover require that any data concerning a mail cover be made available to mail cover subjects who become involved in legal proceedings through appropriate discovery procedures. 39 C.F.R. § 233.3(h)(4) (1985). " 'An application for relief under the discovery rules ... is a matter within the sound discretion of the district court and is reviewable only for an abuse of discretion.' " *United States v. Cole*, 453 F.2d 902, 904 (8th Cir. 1972), *citing Hemphill v. United States*, 392 F.2d 45, 48 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968). Fed.R.Crim.P. 16(a)(1)(C) allows the defendant to discover certain documents and tangible objects upon a showing that they are "material to the preparation of his defense." A showing of materiality, however, is "not satisfied by a mere conclusory allegation that the requested information is material to the preparation of the defense." *United States v. Conder*, 423 F.2d 904, 910 (6th Cir.), *cert. denied*, 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267 (1970). In the present case appellant has failed to produce any evidence tending to show that the government was in possession of any information that would be helpful to his defense. Additionally, Fed.R. Crim.P. 16(a)(2) authorizes the government to refuse discovery of reports, memoranda or other government documents made by the attorney for the government or other government agents in connection with the investigation or prosecution of the case prior to trial. Therefore, the information appellant seeks, by its very nature, is not discoverable under the Federal Rules of Criminal Procedure.

■ Appellant's reliance on *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), is also misplaced. "*Brady* is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation." *United States v. Beasley*, 576 F.2d 626, 630 (5th Cir.1978), *cert. denied*, 404 U.S. 947, 99 S.Ct. 1426, 59 L.Ed.2d 636 (1979). *Brady* requires that the prosecution furnish the defendant with all exculpatory information which is in the prosecution's possession or reasonably available to them. In the present case, however, appellant has failed to demonstrate that the information he requests is exculpatory. The government argues that no exculpatory information regarding mail cover exists and appellant's mere allegation of wrongful government conduct is not sufficient to warrant the broad scale discovery appellant seeks. Because we find that appellant has failed to make the necessary preliminary showing, we hold that the trial court did not abuse its discretion in denying appellant's motions for discovery.

Appellant next argues that the district court erred in denying his motion for dismissal of the indictment. During the course of the investigation leading to appellant's indictment, IRS agent Lavia issued summonses to several banks under authority of 26 U.S.C. § 7602, to produce certain documents and records pertaining to transactions between the banks and appellant during the period December 1976 to December 1982. Appellant argues that the summonses were issued solely for the purpose of gathering evidence to document and prosecute a criminal tax case and that IRS agent Lavia improperly delayed recommending prosecution in order to gather additional evidence. Appellant asserts that these actions constitute abuse of the civil summons process and bad faith on the part of the IRS. Appellant argues that because the grand jury indictment was primarily based on information obtained as a result of the improperly issued summonses, the indictment should be dismissed.

The government argues that appellant has exhausted his opportunity to litigate the validity of the summonses in prior proceedings and that in any event the record is devoid of facts supporting appellant's allegations. The government argues that the

summonses were issued in order to gather evidence in furtherance of the inherently intertwined civil tax, criminal tax and drug investigations. The government contends that the issuance of the summonses for this purpose is a proper exercise of its civil summons authority.

■ Initially we note that the prior summons enforcement proceedings do not preclude appellant's present challenge. The Seventh and Eighth Circuits both dismissed as moot appeals arising from the third party summons enforcement actions pertaining to the present case and in so doing expressly stated that the dismissals were without prejudice to appellant's right to challenge the validity of the summonses in subsequent proceedings. *See United States v. First Family Mortgage Corp.,* 739 F.2d 1275, 1279 (7th Cir.1984); *United States v. Clinton State Bank,* No. 82–2214 (8th Cir. Mar. 18, 1983) (order).

■ Turning to appellant's substantive claims, we cannot conclude that the IRS improperly issued the summonses. In order for a § 7602 summons to be enforceable, the IRS must satisfy two requirements. First, the summons must be issued prior to an IRS recommendation to the Department of Justice that the taxpayer be criminally prosecuted. *United States v. LaSalle National Bank,* 437 U.S. 298, 318, 98 S.Ct. 2357, 2368, 57 L.Ed.2d 221 (1978).[3]

Second, the IRS must exercise its summons authority in good faith pursuit of the congressionally authorized purposes of § 7602.[4] *Id.* In *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964) (footnote omitted), the Court announced several non-exclusive elements reflecting on the IRS's good faith exercise of the summons authority:

[The Service] must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed.... [A] court may not permit its process to be abused. Such an abuse would take place if the summons had been issued for an improper purpose ... reflecting on the good faith of the particular investigation.

■ Once the IRS makes a showing of good faith, the party opposing the enforcement of the summons has the burden of proving bad faith. *United States v. LaSalle National Bank,* 437 U.S. at 316, 98 S.Ct. at 2367. In the present case appellant contends that the IRS acted in bad faith by issuing the summonses solely to gather evidence for a criminal prosecution and by delaying its recommendation to criminally prosecute appellant in order to gather additional evidence.

---

**3.** In enacting the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub.L. No. 97–248, 96 Stat. 324 (codified in scattered sections of 26 U.S.C.), Congress amended 26 U.S.C. §§ 7602 and 7609 which govern the IRS summons authority and third party summons procedures respectively. Section 333(b) of TEFRA (codified at 26 U.S.C. § 7602(b)) establishes that an investigation by the Internal Revenue Service "into any offense connected with the administration of enforcement of the internal revenue laws" is a valid purpose for the issuance of a summons. Congress limited the IRS summons authority to preclude issuance of a summons where a Department of Justice referral is in effect. *Id.* § 7602(c)(1). A Department of Justice referral is deemed to be in effect where the Secretary of the Treasury has recommended to the Attorney General a grand jury investigation or criminal prosecution of the person committing an offense or if the Department of Justice has sought disclosure within the meaning of 26

U.S.C. § 6103(b). *Id.* § 7602(c)(2)(A). "Congress thereby eliminated from consideration the question whether the Internal Revenue Service was motivated by a criminal investigative purpose, so long as no Justice Department referral has occurred." *Moutevelis v. United States,* 727 F.2d 313, 315 (3d Cir.1984).

The TEFRA amendments to 26 U.S.C. § 7602 are effective with respect to summonses issued after September 3, 1982; the summonses in the present case were all issued prior to that date.

**4.** The congressionally authorized purposes of § 7602 only include civil tax determination and collection. *United States v. LaSalle Nat'l Bank,* 437 U.S. 298, 316, 98 S.Ct. 2357, 2367, 57 L.Ed.2d 221 (1978). However, because civil and criminal liability under the IRS Code are inherently intertwined, a taxpayer bears a heavy burden in showing that a summons was issued solely in furtherance of a criminal investigation. *Id.*

■ Whether the summonses were improperly issued solely to gather evidence for a criminal prosecution and whether the IRS delayed recommending to the Department of Justice that the appellant should be criminally prosecuted are questions of fact. The appellate court will sustain the district court's findings unless the decision is clearly erroneous. *United States v. Claes*, 747 F.2d 491, 495 (8th Cir.1984); *United States v. Davis*, 636 F.2d 1028, 1036 (5th Cir.), *cert. denied*, 454 U.S. 862, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981). The criminal tax investigation pursued by IRS agent Lavia was jointly conducted with a revenue officer whose job was to explore the civil aspects of the tax investigation. This suggests that the IRS, as an institution, issued the summonses in good faith because the summonses were issued for the purpose of gathering evidence in furtherance of a simultaneous civil and criminal tax investigation. *See United States v. Moore*, 485 F.2d 1165, 1167 (5th Cir.1973). Additionally, there appears to be very little evidence in the record suggesting that the IRS acted in bad faith. Because the district court's findings of fact are not clearly erroneous, we uphold the district court's denial of appellant's motion to dismiss the indictment.

Appellant next argues that the district court erred in denying his motions to suppress evidence. Appellant argues that the evidence should have been suppressed because (1) the search warrants were issued without probable cause, (2) appellant was erroneously denied a *Franks v. Delaware* hearing, and (3) notwithstanding the validity of the second search warrant, the government violated appellant's fourth amendment rights by searching appellant's property beyond the scope of the second search warrant. For purposes of analysis, we will treat appellant's arguments separately.

Appellant argues that the federal agents' affidavits upon which the search warrants were issued failed to contain an adequate basis for finding probable cause. Specifically, appellant argues that the factual basis for the confidential informant's reliability and veracity was not disclosed in the affidavits and the confidential informant's "knowledge" was never corroborated except by the affiants' conclusory general statements.

■ In the present case the affidavits submitted by the federal agents provided a substantial basis for the issuing county judge to conclude that probable cause existed. *See Illinois v. Gates*, 462 U.S. 213, 233, 103 S.Ct. 2317, 2329, 76 L.Ed.2d 527 (1983). In addition to the information provided by the confidential informant, IRS agent Lavia's December 7 affidavit referred to testimony given by appellant's ex-wife in their divorce proceeding which clearly implicated appellant and his home in drug trafficking. Similarly, DEA agent Overbaugh's December 7 affidavit revealed several named and unnamed sources who independently told the affiant about specific instances of recent and ongoing drug trafficking involving appellant. Also, contrary to appellant's assertions, the information given by the confidential informant was sufficiently corroborated and the informant's veracity was sufficiently demonstrated. For example, DEA agent Overbaugh's January 11 affidavit, upon which the second search warrant issued, recited specific information obtained from the confidential informant which had been substantially corroborated during the execution of the December 7 warrant.

Appellant next argues that the district court erred in denying his motion for a *Franks v. Delaware* hearing. In *Franks v. Delaware*, 438 U.S. at 155–56, 98 S.Ct. at 2676, the Court set forth guidelines to determine whether an evidentiary hearing is required to test the veracity of affidavits supporting search warrants:

[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

We agree with the district court that appellant failed to make the requisite preliminary showing. The allegations contained in appellant's motion to quash the warrants were not supported by offers of proof. Appellant's bare allegations are not sufficient to require a *Franks v. Delaware* hearing. *See id.* at 171; *United States v. Bulgatz,* 693 F.2d 728, 732 (8th Cir.1982). Accordingly, the district court's denial of appellant's motion for a *Franks v. Delaware* hearing is upheld.

Appellant also argues that despite the validity of the search warrants, the January 11 search conducted by the federal agents exceeded the scope of the second search warrant, violating appellant's fourth amendment right to be free from unreasonable searches and seizures. Because the items seized from appellant's residence and vehicle on January 11 were not introduced into evidence, it is unnecessary to address appellant's claim; thus, we express no opinion on the merits.

Accordingly, the judgment of the district court is affirmed.