**UNITED STATES of America**

v.

**Leonard A. WASHINGTON.**

**Crim. No. HCR 87–44.**

United States District Court,
N.D. Indiana,
Hammond Division.

July 13, 1987.

Gregory A. Vega, Asst. U.S. Atty., Hammond, Ind., for plaintiff.

Jeff Steinback, Chicago, Ill., for defendant.

## ORDER

MOODY, District Judge.

This matter is before the court on defendant Leonard A. Washington's motions for a bill of particulars, for discovery of the prosecution's evidence, and for discovery of exculpatory and impeaching information under the doctrine of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The United States of America ("government") filed a consolidated response to these three motions on June 29, 1987. Washington has been charged with assisting in the preparation of false income tax returns.

## I.

### *Motion for Bill of Particulars*

Defendant requests the court to order the government to specify, for each of six separate income tax returns which the government alleges contained fraudulent information, the correct information.

Among the commonly recognized instances when a court may exercise its discretion to order a bill of particulars are: (1) to provide information about the charges which is necessary to the preparation of a defense; and, (2) to avoid prejudicial surprise at trial. *Wong Tai v. United States,* 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927); *United States v. Ansani,* 240 F.2d 216 (7th Cir.1957). The Seventh Circuit has illustrated the proper limits of the court's discretion. If by reading the indictment the defendant could "reasonably anticipate the evidence to be introduced at trial, the denial of the motion does not prejudice the defendant." *United States v. Andrus,* 775 F.2d 825, 843 (7th Cir.1985).

Defendant has offered no reason why the information requested is necessary, or for that matter, even helpful in the preparation of his defense. The government points out that the indictment informs defendant: (1) which statute he allegedly violated; (2) which individuals he allegedly assisted; (3) which tax years are in question; (4) which item on each tax return is alleged to be false; and (5) the dates on which the alleged offenses are supposed to have occurred.

The court finds that this indictment contains sufficient information to allow the defendant to prepare a defense and to avoid the possibility of unfair surprise at trial. Therefore, defendant's motion for a bill of particulars is DENIED.

## II.

### *Motion for Discovery*

Defendant's motion for discovery requests the court to order the government to provide a cornucopia of information. Generally speaking, there is no constitutional right to pretrial discovery in a criminal case. *Weatherford v. Bursey,* 429 U.S. 545, 559, 97 S.Ct. 837, 845, 51 L.Ed.2d 30 (1977). The defendant's motions are governed by the parameters of Fed.R.Crim.P. 16 and the body of case law that has developed thereto.

Defendants first requests disclosure of any evidence of similar conduct or of prior acts which the government intends to introduce at trial pursuant to Fed.R.Evid. 404(b). The government does not object; it responds that it is considering whether to introduce any such evidence, and will inform the defendant within two weeks of trial of those acts it intends to introduce. Accordingly, the government is hereby OR-

DERED to advise defendant of any such acts it intends to introduce at least two weeks prior to trial.

Defendant next requests the court to order disclosure of "specific instances of conduct" which the government will use for impeachment should defendant testify at trial. It is unclear how this request differs from the first, and the government, by failing to address the request in its response, has not shed any additional light on the issue. Because defendant has cited no authority for this opaque request, it is hereby DENIED.

■ Defendant also requests disclosure of the government's intention to rely upon, and the relevant details of, opinion testimony. While defendant again provides no authority, the government asserts that it has no duty to disclose nonexculpatory information regarding the testimony of witnesses or the content of government documents (or, if not material to the defense, any documents in the government's possession), citing *United States v. Thuna*, 786 F.2d 437, 443–44 (1st Cir.), *cert. denied,* — U.S. ——, 107 S.Ct. 100, 93 L.Ed.2d 50 (1986); *United States v. Krauth*, 769 F.2d 473, 475–76 (8th Cir.1985). The court finds these cases to be persuasive, defendant's request is DENIED as to opinion testimony and documentation.

■ Defendant requests the disclosure of any statements that the government intends to introduce at trial because the declarant is unavailable, pursuant to Fed.R. Evid. 804. The government responds by representing to the court that "there are no unavailable declarants." As the government raises no other objection to defendant's request, the court assumes it has none. Therefore, in the event that the government's plans change in the interim before trial, and it intends to introduce any such statements, it is hereby ORDERED to provide them to defendant. As to these limited circumstances only, defendant's motion requesting such statements is hereby GRANTED.

■ Defendant requests that the government disclose any hearsay evidence that it will attempt to introduce pursuant to Fed. R.Evid. 803(24), the "other exceptions" exception to the hearsay rule. The government responds that it has, at this time, no intention of introducing any such evidence. Neither party cites any authority for or against production. Thus, the court believes it appropriate to DENY defendant's motion, and rule upon any "other exceptions"-to-hearsay questions at trial.

■ Unsupported by any reason for his request, defendant asks the court to order the government to produce a list of its witnesses. As the court is aware of no reason why disclosure would be appropriate in this case, it will not exercise its discretion to so order. *United States v. Bouye*, 688 F.2d 471 (7th Cir.1982). Accordingly, defendant's motion that the court order production of such a list is hereby DENIED.

■ Defendant next requests that the court order the government to state, by affidavit, whether any surveillance or interception of the United States mail was utilized in investigating him, and, if so, to produce all records regarding such surveillance or interrogation for inspection. As defendant cites no authority for this request, and the court is aware of none, defendant's motion requesting this information is hereby DENIED.

■ Defendant further requests that the government be ordered to produce all written or (transcriptions of) oral statements made by co-conspirators. Although in some circumstances it is within the court's discretion to order production of statements made by co-defendants, *United States v. Disston*, 612 F.2d 1035 (7th Cir. 1980), the court has been unable, as apparently, was defendant, to find authority for blanket application of this rule to co-conspirators. Moreover, defendant has offered no reason why the present case would be one in which exercise of the court's discretion would be appropriate. Accordingly, defendant's motion for the production of such statements is DENIED.

Finally, the defendant requests that the court recommend that all statements of

witnesses that are to be used at trial be produced by the government at least one month prior to trial. Because the court has not ordered the government to produce any such statements, defendant's request is DENIED.

### III.

*Motion for Disclosure of Impeaching and Otherwise Exculpatory Information*

In this motion, defendant asks the court to order the government to produce any information that would tend to impeach the government's witnesses and thus be exculpatory and subject to production under the rationale of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).[1]

At the outset, the court wishes to express its great displeasure over the criminal bar's growing practice, in every case, of seeking to have the court "order" the prosecution to comply with its *Brady* obligations, even when no *Brady* violation is alleged to be occurring.

■ These motions are redundant and wasteful of the court's time. *Brady* is not a discovery rule. *United States v. Andrus*, 775 F.2d 825, 843 (7th Cir.1985); *United States v. Starusko*, 729 F.2d 256 (3d Cir.1984); *United States v. Beasley*, 576 F.2d 626 (5th Cir.), *reh'g. denied* 525 F.2d 796, *cert. denied*, 440 U.S. 947, 99 S.Ct. 1426, 59 L.Ed.2d 636 (1978). *Brady* is

instead a judicial remedy for an error of constitutional magnitude. When the prosecution fails to divulge material evidence of an exculpatory nature, the defendant's right to due process is violated. The constitution requires the prosecution to observe this right with vigilance: a court order is unnecessary since the duty to protect the right already exists. An order to produce *Brady* materials makes as little sense as an order to preserve the accused's right to be free from unreasonable searches and seizures. Instead, once a search-and-seizure or due-process violation occurs, the exclusionary rule and the *Brady* doctrine provide remedies. In short, from a court's perspective, *Brady* is remedial in nature.

In addition, there is no need for the defendant to preserve his *Brady* objection for purposes of appeal. "Under *Brady* and its progeny, the prosecution's suppression of material evidence favorable to the defendant, even if such evidence is not requested by the accused, is a violation of due process." *United States v. Jackson*, 780 F.2d 1305, 1308 (7th Cir. 1986).

■ Not only is a request for this court to order compliance with *Brady* obligations unnecessary under our reading of that case, in the matter before us the need for a request is eliminated by a previous order issued by United States Magistrate Andrew Rodovich on May 13, 1987, instructing the government to "permit defendant's attorney to inspect or copy any exculpatory

---

1. This reduces defendant's motion to its essence. Defendant, in an attempt to evoke a response, as suggested by *Palmer v. City of Chicago*, 755 F.2d 560, 574 (7th Cir.1985), has made twenty "specific" requests for production. However, requests such as the following examples from defendant's motion are fishing expeditions to determine whether such information exists:

> 5. Identify each communication which relates to any formal or informal promise to reward any witness for his testimony.
> 18. Describe each prior act of misconduct by each witness.

If it does, and if it is material to the issue of guilt or punishment, then *Brady* obligates the government to produce it. As discussed in the text of this order, court action is unnecessary if no *Brady* violation is alleged.

Moreover, defendant's quest for specificity, while necessary for the court to determine whether the prosecution has violated its *Brady* obligations, *see, e.g., United States v. Robinson*, 585 F.2d 274, 281 (7th Cir.1978), arguably has no bearing whatsoever on our assessment of whether the prosecution has a duty to respond to the request. In contrast to the reasoning in *Palmer*, 755 F.2d at 574, Part III of Justice Blackmun's opinion in *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (although parts I and II constituted the majority opinion, Part III was joined only by Justice O'Connor), suggests that the same *Brady* standard will be applied to the " 'no request,' 'general request,' and 'specific request' cases of prosecutorial failure to disclose evidence favorable to the accused." *Bagley* 473 U.S. at 682, 105 S.Ct. at 3384.

or mitigating evidence." In his motion, defendant commends the government for its compliance to date with this order. In its response, the government asserts that it is aware of its continuing obligations under *Brady* and its progeny to produce any exculpatory material of which it comes into possession. The court finds that the government's compliance with the magistrate's prior order and recognition of its continuing obligations render an order unnecessary.

Finally, lest there be any concern that the court has not considered the merits of the defendant's purported specific requests, the defendant may rest assured that such is not the case. The requests and the government's responses to them have been reviewed at length.

In its response, the government observes that *Brady* does not provide a rule of discovery, *United States v. Navarro*, 737 F.2d 625, 631 (7th Cir.), *cert. denied*, 469 U.S. 1020, 105 S.Ct. 438, 83 L.Ed.2d 364 (1984); *United States v. Winner*, 641 F.2d 825, 833 (10th Cir.1981), and does not create or broaden any pretrial discovery privileges already in force under the Federal Rules of Criminal Procedure. *Navarro*, 737 F.2d at 631; *United States v. Flores*, 540 F.2d 432, 438 (9th Cir.1976). Thus, the government is not obliged to disclose neutral or inculpatory evidence to defendant. *United States v. Little*, 753 F.2d 1420, 1440–41 (9th Cir. 1984); *United States v. McClintock*, 748 F.2d 1278, 1287 (9th Cir.1984).

▮ Defendant's motion does not contain any requests which identify a particular witness or document. Instead, he asks, e.g., for "each" prior act of misconduct by "each witness", or for each act or document which could "arguably be helpful" to defendant. The court finds that defendant's motion is fairly characterized as what the Supreme Court termed a "general request," one which asks for " 'all Brady material' or for 'anything exculpatory.' " *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). A general request is treated as if no request were made, for it gives the government no better notice of what to produce. *Id.* If the prosecution has a duty to respond under these circumstances, the duty "must derive from the obviously exculpatory nature" of the evidence. *Id.* In the case at bar, given the early stage of the proceedings,[2] defendant's general request, and the government's assurances, the court finds that defendant's motion should be denied.

It is possible that the court could conduct an *in camera* inspection of the government's files in an effort to satisfy itself that there is in fact no exculpatory evidence. But because defendant has made a general request, he is only speculating that the government has such evidence. Mere speculation that a government file may contain *Brady* material is not sufficient to trigger an *in camera* inspection by the court. *Navarro*, 737 F.2d at 631. Moreover, defendant has offered nothing to rebut the government's explicit representation to the court that it has no such evidence. *Id.* at 632. The court understands that it is difficult for defendant to prove the existence of such evidence in the government's files when he is not allowed to see it. *Id.* at 637 (Cudahy, J., dissenting). However, because of the pretrial posture of this case and the non-specific nature of defendant's request,[3] the court declines to conduct an *in camera* inspection at this time. There will be ample opportunity at trial, upon a timely motion by defendant, for the court to make an *in camera* inspection if necessary.

▮ In addition to being beyond the purview of a *Brady* request, there is an additional reason to refuse to permit discovery. A substantial number of the re-

---

**2.** Neither *Brady* nor *Agurs* imposes a general requirement of pretrial disclosure of exculpatory material. A prosecutor should be able to satisfy his constitutional obligation to reveal exculpatory evidence by disclosure at trial. W. LaFave & J. Israel, *Criminal Procedure* § 19.5(e) at 760 (1985).

**3.** Judge Cudahy's dissent in *Navarro* explicitly emphasized the *"specific"* nature of the defendant's request. 737 F.2d at 636.

quests made in defendant's *Brady* motion are for information that could be used to impeach potential government witnesses. The court holds that these requests are governed by the terms of the Jencks Act, 18 U.S.C. § 3500.

Recently, the Seventh Circuit in *United States v. Allen*, 798 F.2d 985 (7th Cir.1986), set out a detailed and exhaustive analysis of the procedures and requirements for disclosure under the Jencks Act. Although this Act makes certain witness statements discoverable, defendant's request for such material before trial is premature. The Act explicitly bars such discovery until a witness has actually testified on direct examination in the trial. The Act provides in part:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection *until said witness has testified on direct examination in the trial of the case.*

18 U.S.C. § 3500(a) (emphasis added).

Additionally, the court notes that the majority of defendant's requests are too broad and thus lack the specificity and particularity necessary for a proper request under the Act. As the Seventh Circuit held in *Allen:*

> [T]he Act requires that a defendant first meet the burden of specifying with reasonable particularity (normally by his cross-examination at trial), that a certain document exists, that there is a reason to believe that the document is a statutory 'statement,' and that the Government failed to provide it in violation of the Act.

798 F.2d at 996 (quoting *United States v. Robinson*, 585 F.2d 274, 281 (7th Cir.1978) (*en banc* )). Defendant here has failed to specify with the requisite particularity the existence and nature of any Jencks material.

Despite the substantive defects of defendant's motion, the government has responded to each of his requests individually. In so doing, the government has represented to the court that no such evidence exists, but if such evidence is found, the government agrees to make it available immediately. In denying defendant's motion, the court relies on the government's assertion that no such information exists, and, as previously discussed, the finding that defendant's requests are both premature and overly broad.

## CONCLUSION

Based on the foregoing discussion, the court now ORDERS:

(1) that defendant's motion for a bill of particulars is DENIED.

(2) that defendant's motion for discovery is GRANTED in part and DENIED in part as discussed above;

(3) that defendant's motion for discovery of impeaching and other exculpatory information is hereby DENIED.