**UNITED STATES of America and Donald E. Merrill, Revenue Agent of the Internal Revenue Service, Appellees,**

v.

**NATIONAL BANK OF SOUTH DAKOTA, B. H. Dail, Appellant.**

No. 80–1008.

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1980.

Decided May 20, 1980.

---

B. H. Dail, Rapid City, S. D., filed brief pro se.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Charles E. Brookhart, Melvin E. Clark, Jr., Attys., Tax Div., Dept. of Justice, Washington, D. C., and Terry L. Pechota, U. S. Atty., Rapid City, S. D., filed brief for appellees.

Before HEANEY, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

These are three IRS summons cases,[1] consolidated in this appeal, in which an IRS agent sought and obtained enforcement of three IRS summonses from the same district court[2] for the purposes of determining the income tax liability for 1976–1978 of taxpayer-intervenor, B. H. Dail.[3, 4] In his pro se appeal brief taxpayer (1) challenges the summonses as overbroad, ambiguous and ill-defined (he claims they were sought to fish for information not possibly germane to his tax liability), and (2) claims the district court erred in denying a hearing.

The government, through the petition and the affidavit of its agent, Donald E. Merrill, Revenue Agent of the Internal Revenue Service, made a prima facie showing (1) that the investigation was being conducted for a legitimate purpose, (2) that the inquiry was relevant to that purpose, (3) that the information sought was not already in the Commissioner's possession, and (4) that the administrative steps required by the Internal Revenue Code have been properly followed. *United States v. LaSalle National Bank*, 437 U.S. 298, 313–14, 98 S.Ct. 2357, 2365–66, 57 L.Ed.2d 221. In this case taxpayer has failed to show substantial deficiencies in the summons proceedings or that the summonses were issued for an improper purpose. *See Reisman v. Caplin*, 375 U.S. 440, 449, 84 S.Ct. 508, 513, 11 L.Ed.2d 459 (1964).

■ The conclusionary allegation of overbreadth is sufficiently rebutted by the summons issued to the National Bank of South Dakota, the only one of the three summonses included in the record on appeal. That summons requested (1) saving account ledgers, deposit slips and items not identified thereon, and withdrawal slips for B. H. Dail or Dail Realty for the period January 1, 1976 through January 31, 1979, and (2) checking account statements, deposit slips and deposits not identified thereon, commercial loan liability ledgers, installment loan ledgers, financing statements, loan application and related documents, escrow account transaction records reflecting deposits and withdrawals, and copies of Forms 1099 for each escrow account in which an interest is established for B. H. Dail or Dail Realty for the period January 1, 1977 through January 31, 1979. Enforcement of similar summonses was recently upheld in *United States v. Hoffman*, No. 79–2019 (8th Cir. April 7, 1980), unpublished, and *United States v. Thomas*, Nos. 79–1978, 1979 (8th Cir. April 7, 1980), unpublished. And the

---

1. The summonses were issued to National Bank of South Dakota, Perpetual Savings & Loan Association, and First National Bank of the Black Hills.

2. The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota.

3. The agent sought enforcement of the summonses only after he had issued the summonses to the two banks and one savings and loan

association respectively. Taxpayer was notified of the summonses, and he directed noncompliance with the summonses. The respondent banks and savings and loan association failed to appear in response to the summonses and they refused to supply the requested information.

4. The district court granted a stay pending appeal.

instant summonses clearly meet the test of relevance that the materials summoned " 'might [throw] light upon' the correctness of the taxpayer's returns." *United States v. Freedom Church*, 613 F.2d 316, 321 (1st Cir. 1979); *United States v. Noall*, 587 F.2d 123, 125 (2d Cir. 1978), *cert. denied*, 441 U.S. 923, 99 S.Ct. 2031, 60 L.Ed.2d 396 (1979).

▮▮ The district court has discretionary authority under Rule 81(a)(3) of the Federal Rules of Civil Procedure and may deny hearings or limit the applicability of discovery in a summons enforcement proceeding. *United States v. Morgan Guaranty Trust Co.*, 572 F.2d 36, 42 (2d Cir.), *cert. denied*, 439 U.S. 822, 99 S.Ct. 89, 58 L.Ed.2d 114 (1978). An evidentiary hearing is necessary only where substantial deficiencies in the summons proceedings are raised by the party challenging the summons. *Id.* at 42, *see United States v. Garden State National Bank*, 607 F.2d 61, 71 (3d Cir. 1979). And when, as in the instant case, only conclusory allegations of impropriety are made, the district court does not abuse its discretion in refusing to hold an evidentiary hearing.

We conclude that the district court properly ordered the summonses enforced. The order of the district court enforcing the summonses is affirmed and the stay pending appeal is dissolved.[5]

It is so ordered.

---

5. Mr. Dail has filed a "Motion to Quash Summons for Reasons of Muteness [sic]" by reason of his having received a deficiency letter for one of the taxable years in question. Appellee points out that two other years are involved. We agree that the case therefore is not moot and deny the motion to quash the summonses.