**UNITED STATES of America and Bonnie Pfannebecker, Special Agent of IRS, Appellees,**

v.

**COMMUNITY FEDERAL SAVINGS & LOAN ASSOCIATION.**

**Appeal of William J. ADAMS.**

**No. 80–1755.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 5, 1981.

Decided Oct. 9, 1981.

John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, Charles E. Brookhart, Ter-

* The Hon. Ronald N. Davies, Senior United States District Judge for the District of North Dakota, sitting by designation.

ry L. Fredericks, Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellees; Robert D. Kingsland, U. S. Atty., St. Louis, Mo., of counsel.

Before BRIGHT and ARNOLD, Circuit Judges, and DAVIES,* Senior District Judge.

PER CURIAM.

The taxpayer, William J. Adams, appeals a trial court [1] order enforcing a summons which was issued by the Internal Revenue Service. We affirm.

On November 26, 1979, IRS Special Agent Bonnie Pfannebecker issued a summons to Community Federal Savings and Loan Association, directing it to produce its 1977 and 1978 records relating to the taxpayer. These were to include:

Records, correspondence, and other data (including microfilm, copies or originals) maintained by, for, or under the control of Community Federal Savings & Loan Assn. during the period January 1, 1977 through December 31, 1978, pertaining to any savings account(s), loan(s), safety deposit boxes and other banking business or activity in the name of or for the benefit of William Joseph Adams, aka Billie Joe Adams [including] but not limited to the following:

1. Signature card(s) or other powers of attorney pertaining to any account.
2. Ledger sheets.
3. Bank drafts, checks, money orders, cashier's checks, letters of credit, or similar instruments.
4. Loan records, including applications for loans, financial statements, and payment journals.
5. Records reflecting and identifying items credited to or drawn against any savings account.
6. Certificates of deposit, time savings certificates and similar documents.

1. The Hon. John F. Nangle, United States District Judge for the Eastern District of Missouri.

Ms. Pfannebecker testified that the summons was issued in order to obtain information needed to determine the taxpayer's tax liability. The IRS did not already possess the relevant information (Tr. 6–7).

Pursuant to taxpayer's instructions Community Federal Savings and Loan Association did not produce the records. The government then sought judicial enforcement of the summons under 26 U.S.C. §§ 7402(b) and 7604(a).

At trial the government's agent testified as to her good-faith reasons for issuing the summons. Adams did not cross-examine her or call any witnesses other than himself. He simply claimed that the summons was overbroad. The court found for the government and ordered the bank to comply with the summons. *United States v. Community Federal Savings and Loan Ass'n*, 494 F.Supp. 363 (E.D.Mo.1980).

■ The government may issue a summons if it does so in good faith. *United States v. LaSalle National Bank*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978). The government satisfies the elements of good faith when: 1) it conducts its inquiry pursuant to a legitimate purpose; 2) it limits its inquiry to information relevant to that purpose; 3) it seeks information which it does not possess; and 4) it follows the proper administrative steps and does not abuse the court system. *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1964).

■ Once the government makes an initial showing of good faith, the burden shifts to the taxpayer to show the contrary. *United States v. National Bank of South Dakota*, 622 F.2d 365 (8th Cir. 1980); *United States v. Moon*, 616 F.2d 1043, 1046 (8th Cir. 1980). In the case at hand the government showed that it intended to pursue a determination of the taxpayer's correct tax liability, and that the information it sought was relevant to such a determination, and not yet in its possession (Tr. 5–6). The government thereby made a prima facie

case for enforcement of the summons. *Id.* at 1046.

■ Thereafter, Adams failed to prove the government's bad faith; he presented no evidence of impropriety in issuing the summons. He merely asserted that the summons was overbroad. "The only thing I'm saying is be specific. I want to know what it is they want, not 'limited to the following:' or 'similar instruments.' That's fishing. It's fishing with a very broad net" (Tr. 9). These statements alone do not constitute evidence of bad faith on the part of the government.

This court has, in fact, upheld a comparable summons against an almost identical complaint. In *National Bank of South Dakota* an IRS agent obtained the enforcement of an IRS summons which requested: 1) savings account ledgers, deposit slips and withdrawal slips, 2) checking account statements and deposit slips, and 3) commercial loan liability ledgers, financing statements, loan applications, and related documents. The taxpayer claimed that the summons "sought to fish for information not possibly germane to his tax liability." 622 F.2d at 366. The Court held that the summoned material might throw light on the accuracy of the taxpayer's returns and was therefore requested in good faith.

■ Adams alleges in his brief in this Court that the IRS acted improperly because it issued its summons in order to gather information for other government bureaus. He argues, in the alternative, that even if the summons was issued properly the IRS should be limited to using the information solely for determining his tax liability. These claims were not raised at trial and will not be considered for the first time on appeal. *United States v. Librach*, 536 F.2d 1228 (8th Cir. 1976), *cert. denied*, 429 U.S. 939, 97 S.Ct. 354, 50 L.Ed.2d 308. In addition, the law already protects Adams from an improper use of any information obtained. See *United States v. Chemical Bank*, 593 F.2d 451, 456–57 (2d Cir. 1979).

The judgment of the District Court is affirmed.