**David S. SPELL, Plaintiff–Appellant,**

**v.**

**UNITED STATES of America, J. Darlene Dupree, Defendants–Appellees (Two Cases).**

**Nos. 89–3236, 89–3305.**

United States Court of Appeals, Fourth Circuit.

Argued April 6, 1990.

Decided July 3, 1990.

Irvin Joseph Slotchiver, Charleston, S.C., for plaintiff-appellant.

Curtis Clarence Pett, Tax Div., U.S. Dept. of Justice, Washington, D.C., argued (Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, Charles E. Brookhart, Tax Div., U.S. Dept. of Justice, Washington, D.C., and E. Bart Daniel, U.S. Atty., Charleston, S.C., on brief), for defendants-appellees.

Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.

WILKINSON, Circuit Judge:

Taxpayer David S. Spell appeals the judgment of the district court granting summary enforcement of Internal Revenue Service summonses against his accountant and First Federal of Charleston. The summonses were issued during an investigation of possible income tax fraud. Spell claims, *inter alia*, that the summonses by the Criminal Investigation Division constitute an "unnecessary examination" prohibited by 26 U.S.C. § 7605(b) because a revenue agent previously examined some of the same documents now sought. We hold that the reexamination of a taxpayer's records in the context of a continuing IRS investigation for tax fraud does not, without more, violate § 7605(b) and affirm the judgment of the district court.

## I.

In March 1987, IRS Agent Alan Moss commenced a routine audit of David Spell's income tax liability for the years 1984–86. As part of the audit, Moss reviewed the records of David E. Thiem, Spell's accountant. Moss determined that Spell had understated his income and that certain records had been discarded. He referred the file to the IRS Criminal Investigation Division for further investigation.

Special Agent Darlene Dupree, who was assigned to continue the inquiry, issued summonses to First Federal of Charleston and to accountant Thiem, requesting that Thiem and a representative from the bank appear to give testimony and to produce certain tax-related financial records for the years in question. *See* 26 U.S.C. §§ 7602, 7609. Spell filed a petition to quash, pursuant to 26 U.S.C. § 7609(b)(2). He alleged that the summons to First Federal of Charleston was overbroad and that the summons to his accountant constituted an impermissible second examination under 26 U.S.C. § 7605(b).

The government moved for summary denial of the motion to quash and sought enforcement of the summonses. In support of its motion, the government filed an affidavit by Special Agent Dupree certifying that the summonses met the requirements enunciated in *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964), that "the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed." The district court dismissed the taxpayer's motion to quash and ordered enforcement of the summonses.

Spell appeals.

## II.

Pursuant to its responsibilities under the Internal Revenue Code to review or determine a taxpayer's liability, the IRS has the authority

(1) To examine any books, papers, records, or other data which may be relevant or material to [its] inquiry;

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person,

or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, ... to produce such books, papers, records, or other data ... as may be relevant or material to such inquiry.

26 U.S.C. § 7602(a). This summons power includes the ability to reach documents in the hands of such third-party recordkeepers as banks and accountants. *See* 26 U.S.C. § 7609. The IRS may not, however, subject the taxpayer to "unnecessary examination or investigations." *Id.* § 7605(b). In order to protect taxpayers from overzealous "low echelon revenue agents," Congress intended that one examination of a taxpayer's records for a taxable year would ordinarily be sufficient under § 7605, and required "such agents to clear any repetitive examination with a superior." *Powell*, 379 U.S. at 55–56, 85 S.Ct. at 253–54.

■ Spell claims that the summons to his accountant constitutes an "unnecessary examination" because Revenue Agent Moss had previously examined the documents now sought, and thus the information is "already within the Commissioner's possession." *Id.* at 58, 85 S.Ct. at 255. He argues that even if the IRS Criminal Investigation Division does not have the documents themselves, it possesses the "information" contained therein by virtue of Agent Moss' earlier notations of Spell's tax returns.

We disagree. The Supreme Court clearly held in *United States v. Powell* that the showing of abuse of process necessary to quash an administrative summons must be "predicated on more than the fact of re-examination." *Id.* at 51, 85 S.Ct. at 251. Here, as in *Powell*, the taxpayer may not refuse to produce records in response to a subpoena by an IRS special agent merely because his returns have been once previously examined. *See United States v. Lang*, 792 F.2d 1235, 1242 (4th Cir.1986) (permitting a "second look" for a "different and additional purpose"); *United States v.*

*Texas Heart Inst.*, 755 F.2d 469, 476–77 (5th Cir.1985) (rejecting argument that IRS "possesses" information simply because it has previously seen the summoned documents), *modified on other grounds*, *United States v. Barrett*, 837 F.2d 1341, 1351 (5th Cir.1988). The fact that Revenue Agent Moss also made notations during his initial audit does not rebut Agent Dupree's sworn testimony that the government does not possess the information now sought in connection with the fraud inquiry.

Spell's argument to the contrary ignores the differences between a routine civil audit and its continuation as a tax fraud investigation. An inquiry by the Criminal Investigation Division is "different in both approach and extent" from a routine audit. *United States v. Lenon*, 579 F.2d 420, 422 (7th Cir.1978). Thus the examination and notations performed by a revenue agent do not "fulfill the needs of a special agent investigating fraud." *United States v. Popkin*, 623 F.2d 108, 109 (9th Cir.1980). The IRS' entitlement to a single "meaningful examination" of a taxpayer's financial records, *United States v. Garrett*, 571 F.2d 1323, 1328–29 (5th Cir.1978), may necessitate additional scrutiny of documents after a referral by the original auditor to the Criminal Investigation Division. The special agent's fraud inquiry is regarded as a continuation of the original, uncompleted audit. *United States v. Morgan*, 761 F.2d 1009, 1011 (4th Cir.1985). Additional examination of documents by a special agent is not a second inspection under § 7605(b), and the notice requirements of that section accordingly do not apply. *Id.*

A great many civil audits are resolved quickly. If reexamination of the documents after a referral to the Criminal Investigation Division were presumptively precluded, revenue agents could become needlessly immersed in taxpayer records during a routine initial review. Intrusive IRS involvement purely for protective purposes serves no one's interest. While § 7605 does not countenance the needless harassment of any taxpayer, Spell draws to our attention no unusual or aggravating circumstances in his case. His investigation conformed to standard IRS procedure.

*See Groder v. United States*, 816 F.2d 139, 141 (4th Cir.1987). When Revenue Agent Moss found evidence of possible tax fraud he suspended his routine audit and referred the case to the Criminal Investigation Division. Special Agent Dupree was assigned to continue the inquiry into possible tax fraud as a "joint investigation" with the continued cooperation of Agent Moss. Dupree issued the summonses as part of her inquiry.

The district court also acted in a proper fashion. At a hearing on Spell's petition to quash, the court heard testimony from Agent Moss and Special Agent Dupree on the question of whether Moss' previous examination and notations of Spell's records rendered the summons to his accountant "unnecessary" under § 7605(b). The court closely questioned both agents as to Spell's claim that the IRS already possessed the information it now sought. The district court was satisfied that the IRS had "exhibited a legitimate purpose for seeking the information ... they seek now as compared to the information that they use[d] in the prior investigation." The court reasoned that the fraud inquiry is a "different kind of examination" and that the agents "don't have the information that they need." The court held that the government had met its burden of showing that it did not possess the summoned information, and thus that the summons did not violate § 7605(b)'s prohibition against "unnecessary examination." We see no reason to disturb the district court's conclusion. *See generally Ponsford v. United States*, 771 F.2d 1305, 1308 (9th Cir.1985) (denial of petition to quash IRS summons reviewed under clearly erroneous standard).

■ Spell's claim that the summons is overbroad as it applies to First Federal of Charleston is also without merit. His conclusory assertion on appeal that the summons to the bank is a "burden of significant proportions" is insufficient to controvert the government's affidavit affirming that the summons was issued in good faith under *Powell.* Spell has made no showing that the summoned records are not relevant to the legitimate purpose of determining the correctness of his tax returns, that the Commissioner already possesses the information, or that the proper administrative steps were not followed. *See United States v. Southwestern Bank & Trust Co.,* 693 F.2d 994, 995–96 (10th Cir.1982); *United States v. Community Fed. Sav. & Loan,* 661 F.2d 694, 696 (8th Cir.1981); *United States v. City Nat'l Bank & Trust,* 642 F.2d 388, 389 (10th Cir.1981).

The judgment of the district court granting enforcement of the summonses is AFFIRMED.