**UNITED STATES of America, Petitioner,**

**v.**

**U.S. BANCORP (formerly First Bank System, Inc.), Respondent.**

**No. 97–71 (DSD/JMM).**

United States District Court,
D. Minnesota.

Aug. 3, 1998.

Rachel D. Cramer, Nanci S. Bramson, U.S. Dept. of Justice, Tax Div., Washington, DC, for Petitioner.

Lydia R.B. Kelly, David J. Duez, McDermott, Will & Emery, Chicago, IL, John C. Childs, McDermott Will & Emery, Minneapolis, MN, for Respondent.

## ORDER

DOTY, District Judge.

This matter is before the court on the objections of respondent U.S. Bancorp to the Report and Recommendation of United States Magistrate Judge John M. Mason dated February 10, 1998.[1] In his report, the magistrate judge recommended that: (1) the petition of the government for enforcement of the Internal Revenue Service ("IRS") summonses be granted except to the extent that the summonses seek the creation of new documents or materials not yet in existence; (2) respondent's "Motion for Discovery, Evidentiary Hearing and Partial Sealing of the Record" (Docket No. 15) be denied without prejudice in its entirety, except that all those portions of the record which pertain to respondent's confidential security procedures for its customer credit card files may be sealed upon application to the magistrate judge specifying the specific documents; and (3) respondent's objections based upon Section 7609 of the Internal Revenue Code of 1986, the Taking Clause of the Fifth Amendment of the United States Constitution, irrelevancy, and overbreadth, be overruled.[2]

1. Petitioner United States of America also objected to Magistrate Judge Mason's recommendation that enforcement of any Internal Revenue Service (IRS) summonses, to the extent that they seek production of credit card records, be denied absent the entry of a protective order conditioning the IRS's access to the records. By stipulation received by the Clerk of Court on May 26, 1998, the parties informed the court that they have resolved their differences concerning the security of credit card computer files summonsed by the IRS, and that respondent withdraws its motion for entry of a protective order. The court therefore need not address petitioner's objections to Magistrate Judge Mason's recommendation that enforcement of any summonses be denied absent the entry of a protective order.

2. Excluding irrelevancy, respondent did not object to this last group of recommendations. The court therefore adopts them without discussion. The court discusses respondent's irrelevancy objection below.

Respondent has filed timely objections to the Report and Recommendation, arguing that: (1) the summonses should not be enforced because the Right to Financial Privacy Act (hereafter "RFPA"), 12 U.S.C. § 3401, *et seq.*, applies to the disclosures requested in the IRS summonses despite the RFPA's exception for procedures authorized by Title 26, the Internal Revenue Code; (2) a conformity election in accordance with Treasury Regulation § 1.166–2(d)(3) is sufficient to prevent the enforcement of the summonses; and (3) the court should conduct an evidentiary hearing to allow respondent to prove both compliance with the conformity election provision of Treasury Regulation § 1.166–2(d)(3) and the irrelevancy of the summonsed information.

## FACTS

The facts underlying this action are not in dispute. Petitioner brought this proceeding seeking judicial enforcement of three IRS summonses. The petition alleges that the IRS issued summonses to respondent on March 17, 1997, and October 21, 1996, and to FBS Information Services Corporation, a member of respondent's consolidated group, on December 11, 1996. The petition further alleges that the summonses issued to respondent sought books, papers, and other records relating to bad debt deductions claimed on respondent's consolidated tax returns for the years 1993 and 1994. The summons issued to FBS Information Services Corporation sought similar information relating to computer records dealing with commercial loans, credit cards and installment loans for the years 1993 and 1994, and specifically demanded the production of respondent's "Credit Card (Master File)"[3] for the years 1993 and 1994. The petition asserts that respondent and FBS Information Services Corporation failed to comply with the summonses, refused to produce loan files and documents relating to the charge-offs which comprised the bad debt deductions, and refused to produce all of the documents and data requested in the summons issued to FBS Information Services Corporation. The petition seeks enforcement of the summonses.

**3.** This is a computer tape containing over one million names of respondent's customers and

## DISCUSSION

### a. Right to Financial Privacy Act

In his report, the magistrate judge correctly cited the general rule that the RFPA prohibits financial institutions from providing the government with information concerning their customers' financial records, unless the customer authorizes the disclosure of such information or the government obtains a valid subpoena or warrant. 12 U.S.C. § 3402; *Neece v. I.R.S.*, 96 F.3d 460, 462 (10th Cir.1996); *U.S. v. Frazin*, 780 F.2d 1461, 1465 (9th Cir.1986), *cert. denied*, 479 U.S. 844, 107 S.Ct. 158, 93 L.Ed.2d 98 (1986). The magistrate judge also noted that the RFPA provides an exception to this general rule for information requested by the IRS under Title 26, the Internal Revenue Code: "Nothing in this chapter prohibits the disclosure of financial records in accordance with the procedures authorized by Title 26." 12 U.S.C. § 3413(c). The court has reviewed the cases cited by the magistrate judge applying this exception, and agrees that the RFPA is not applicable to properly issued IRS summonses. *See* Report and Recommendation (Docket No. 26) at 8–9 (citing relevant cases). Only where the IRS fails to comply with Title 26 do the procedural protections of the RFPA apply. *U.S. v. Kao*, 81 F.3d 114, 118 (9th Cir.1996) (noting that where the third-party recordkeeper privacy protections of 26 U.S.C. § 7609 were applicable but not followed the RFPA applies). The magistrate judge found that in this case the IRS properly complied with 26 U.S.C. § 7602 in issuing the summonses, and the procedural protections of the RFPA do not apply.

Respondent argues in its objections, however, that the exception in the RFPA for procedures authorized by Title 26 is limited by precedent and legislative history to only those procedures authorized by 26 U.S.C. § 7609. When applicable, § 7609 provides procedures analogous to those contained in the RFPA which limit the disclosure of financial records held by third-party recordkeepers, such as respondent. Because the summonses in this case were issued under

their credit card numbers and credit card histories.

§ 7602, respondent argues that the protective provisions of the RFPA still apply.

The court, however, finds that the plain language and legislative history of § 3413(c) of the RFPA, making the RFPA inapplicable to disclosures of financial records made according to procedures authorized by Title 26, covers § 7602 as well as § 7609. As amended and enacted, the exception reads:

(c) Nothing in this title prohibits the disclosure of financial records in accordance with procedures authorized by the Internal Revenue Code.

12 U.S.C. § 3413(c); 124 Cong. Rec. 33,838 (1978). Prior to its amendment, the exception excluded from the RFPA's coverage only procedures authorized under § 7609:

(c) Nothing in this title prohibits the disclosure of financial records information in accordance with the procedures set out in section 1205 of the Tax Reform Act of 1976[.] [4]

124 Cong. Rec. 33, 832 (1978). The amendment was intended to expand the scope of the exception to cover all procedures under Title 26. Mr. LaFalce, Congressman from New York and offeror of the Amendment, stated in its support that "it is necessary to exempt all procedures carried out under the Internal Revenue Code which has its own privacy protection provisions." 124 Cong. Rec. 33,839 (1978).

The case of *Neece v. I.R.S.*, 922 F.2d 573 (10th Cir.1990), is consistent with this reading. In *Neece*, the IRS was investigating a bank's customer, not the bank itself. In that case, the IRS could properly request the records only under the Internal Revenue Code's procedures in § 7609 for obtaining third-party financial records. The IRS did not follow the summons procedures of § 7609, but instead informally accessed the customer's records with the voluntary cooperation of the bank. In contrast, the IRS in this case has issued its summonses as part of an investigation of respondent itself and has complied with the procedures of 26 U.S.C. § 7602.

The court therefore concludes that precedent and the legislative history of the RFPA do not limit the RFPA's exception for procedures authorized by Title 26 to § 7609, and overrules respondent's objection.

**b. Treasury Regulation § 1.166–2(d)(3)**

Respondent next argues that it made a valid conformity election in accordance with Treasury Regulation § 1.166–2(d)(3), thereby making the information sought by petitioner irrelevant. This regulation details circumstances in which bad debt charge-offs made by a bank subject to a regulatory authority yield a conclusive presumption for tax purposes of the worthlessness of those debts. This conclusive presumption, however, does not make information regarding those debts irrelevant to the legitimate determination of respondent's tax liabilities and the accuracy of respondent's consolidated tax returns. The test to determine relevancy is:

[A] court must enforce a section 7602 summons if the IRS shows: (1) that the investigation is for a legitimate purpose; (2) that the requested material is relevant to the investigation; (3) that the material is not already in the agency's possession; and (4) that the proper administrative steps have been followed.

*U.S. v. Norwest Corp.*, 116 F.3d 1227, 1233 (8th Cir.1997) (citing *U.S. v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964)). Respondent does not allege that the IRS investigation of respondent is not for a legitimate purpose, that the material is already in the possession of the IRS, or that the IRS has failed to follow the procedures of § 7602. The only issue here is relevancy. Whether material is relevant under the *Powell* test is judged with a deferential standard. *Norwest,* 116 F.3d at 1231 (citing *Powell,* 379 U.S. at 57–58, 85 S.Ct. 248). To establish relevance it is enough to determine "merely whether that information might shed some light on the tax return." *Norwest,* 116 F.3d at 1233 (citing *U.S. v. Arthur Young & Co.,* 465 U.S. 805, 813–14 & n. 11, 104 S.Ct. 1495, 79 L.Ed.2d 826 (1984)).

In this case, several relevant uses for the information exist. Not only may the summonsed information "shed some light" on the accuracy of respondent's consolidated tax

4. Section 1205 of the Tax Reform Act of 1976 is codified at 26 U.S.C. § 7609.

returns, but, as the magistrate judge correctly noted, the summonsed information may also be used to determine compliance with the tax regulations allowing the conformity election itself:

> [T]he Commissioner may revoke an election as of the beginning of any taxable year for which the Commissioner determines that a bank has taken charge-offs and deductions that, under all facts and circumstances existing at the time, were substantially in excess of those warranted by the exercise of reasonable business judgment in applying the regulatory standards of the bank's supervisory authority as defined in paragraph (d)(3)(III)(D) of this section.

Treasury Regulation § 1.166–2(d)(3)(iv)(D). The summonsed information is therefore relevant under the *Powell* test, and respondent's conformity election does not preclude enforcement of the summonses.

### c. Evidentiary Hearing

Finally, respondent argues that the court should conduct an evidentiary hearing to allow review of evidence regarding respondent's conformity election and the irrelevance of the summonsed information to the IRS in verifying the accuracy of the respondent's tax returns. As already discussed, the information is relevant under the deferential *Powell* standard; therefore, there is no need to conduct an evidentiary hearing. *See Norwest,* 116 F.3d at 1233 ("[T]he judiciary should not go beyond the requirements of the statute and force [the] IRS to litigate the reasonableness of its investigative procedures.") (quotation and citation omitted); *U.S. v. National Bank of South Dakota,* 622 F.2d 365, 367 (8th Cir.1980) ("An evidentiary hearing is necessary only where substantial deficiencies in the summons proceedings are raised by the party challenging the summons.") (citation omitted). *See also Alphin v. United States,* 809 F.2d 236, 238 (4th Cir.1987), *cert. denied,* 480 U.S. 935, 107 S.Ct. 1578, 94 L.Ed.2d 768 (1987) ("In order to be entitled to a hearing, the party challenging the summons must allege specific facts in its responsive pleadings, supported by affidavits, from which the court can infer a possibility of some wrongful conduct by the IRS.") (citation omitted); *United States v. Will,* 671 F.2d 963, 968 (6th Cir.1982) ("[T]he

use of discovery devices in summons enforcement proceedings should be limited to those cases where the taxpayer makes a preliminary and substantial demonstration of abuse.") (citation omitted).

### CONCLUSION

Therefore, based on a *de novo* review of the file, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The court adopts the Report and Recommendation of United States Magistrate Judge John M. Mason dated February 10, 1998;

2. The objections of respondent U.S. Bancorp based upon the Right to Financial Privacy Act, 12 U.S.C. § 3401, *et seq.,* Section 7609 of the Internal Revenue Code of 1986, the Taking Clause of the Fifth Amendment of the United States Constitution, Treasury Regulation § 1.166–2(d)(3), irrelevancy, and overbreadth, are overruled;

3. The objections of respondent U.S. Bancorp are sustained to the extent that the summonses seek the creation of new documents or materials not yet in existence;

4. Enforcement of said summonses is proper in all other respects;

5. In light of the stipulation of the parties filed May 26, 1998, the court need not address the issue of a protective order and the parties' arguments for and against the necessity of such an order;

6. Respondent's Motion for Discovery, Evidentiary Hearing, and Partial Sealing of the Record is denied without prejudice in its entirety, except that all those portions of the record which pertain to respondent's confidential security procedures for its customer credit card files may be sealed upon application to Magistrate Judge John M. Mason specifying the specific documents.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**