# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2891

_____

Robert L. Schulz,                          *
                                           *
                Appellant,                 *
                                           *   Appeal from the United States
        v.                                 *   District Court for the
                                           *   District of Nebraska.
United States; Internal Revenue            *
Service, Terry Cox,                        *   [UNPUBLISHED]
                                           *
                Appellees.                 *

_____

Submitted: September 4, 2007
Filed: September 13, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Robert Schulz appeals the district court's[1] order declining to quash a third-party summons issued to PayPal by the Internal Revenue Service (IRS). We affirm.

The district court determined that the IRS issued the summons within its authority under 26 U.S.C. § 7602, as interpreted in United States v. Powell, 379 U.S. 48, 57-58 (1964). According to Powell, to obtain enforcement of summons, the IRS

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

"must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [IRS's] possession, and that the administrative steps required by the [Internal Revenue] Code have been followed." Id. A court, however, "may not permit its process to be abused," and "[s]uch an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." Id. We conclude that the district court did not clearly err in its determinations under Powell, and that Schulz did not meet his burden to show that the IRS abused the summons process or lacked good faith. See United States v. Norwood, 420 F.3d 888, 892 (8th Cir. 2005); United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993).

We also hold that the district court did not abuse its discretion in denying Schulz's request for an evidentiary hearing. See United States v. Nat'l Bank of S.D., 622 F.2d 365, 367 (8th Cir. 1980) (per curiam). A district court has discretionary authority to deny a hearing in summons enforcement proceeding, and an evidentiary hearing is necessary only where substantial deficiencies in summons proceedings are raised by party challenging summons. Id.

Finally, we conclude that Schulz's constitutional arguments challenging the IRS's authority to enforce the tax laws are without merit.

Accordingly, the judgment is affirmed. See 8th Cir. R. 47B.

_____