**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ACTION RECYCLING INC., *Petitioner-Appellant*, <br><br> v. <br><br> UNITED STATES OF AMERICA; HEATHER BLAIR, IRS Agent, *Respondents-Appellees*. | No. 12-35338 <br><br> D.C. No. 2:11-cv-00457-JLQ <br><br><br> OPINION |

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, Senior District Judge, Presiding

Submitted June 5, 2013[*]
Seattle, Washington

Filed July 9, 2013

Before: Arthur L. Alarcón, M. Margaret McKeown,
and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge McKeown

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Tax

The panel affirmed the district court's denial of a motion to quash third-party summonses.

An agent of the Internal Revenue Service audited taxpayer's bank statements and notes but did not make any copies. Later, the IRS served taxpayer with notice of third-party summonses to two banks for the statements that the IRS agent had reviewed and other documents. The panel held that an IRS Revenue Agent's review of records does not automatically give the IRS permanent possession of all of the information in those records and that a later summons for the same records is permissible under *United States v. Powell*, 379 U.S. 48 (1964).

### COUNSEL

Charles H. Hammer, Spokane, Washington, for Petitioner-Appellant.

Teresa E. McLaughlin and Gretchen M. Wolfinger, United States Department of Justice, Tax Division, Washington, D.C., for Respondents-Appellees.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

McKEOWN, Circuit Judge:

This appeal raises the question of whether the Internal Revenue Service ("IRS") permanently possesses all of the information contained in a taxpayer's records once it has reviewed but not retained those records. We hold that an IRS Revenue Agent's review of records does not automatically give the IRS permanent possession of all of the information in those records and that a later summons for the same records is permissible under the Supreme Court's decision in *United States v. Powell*, 379 U.S. 48, 57–58 (1964).

**BACKGROUND**

At the request of the IRS, Action Recycling Inc. ("Action Recycling") made available its 2009 bank statements at the offices of its attorney. Revenue Agent Derik Hudson spent 85 hours auditing those statements and found approximately $100,000 in unexplained deposits. Hudson took notes and made a simple table of the total value of the deposits, transfers, and withdrawals for each month. He did not copy or retain any of the statements. Hudson then left the IRS, and the open investigation was transferred to a new Revenue Agent, Heather Blair. When Blair asked to further review the 2009 bank statements, Action Recycling refused to make the records available. Pursuant to 26 U.S.C. § 7602, the IRS then issued summonses to two banks for the statements that Hudson had reviewed, as well as bank statements from 2010 and account signature cards and deposit slips from 2009 and 2010.

The IRS served Action Recycling with notice of the third-party summonses, as required by 26 U.S.C. § 7609. Action Recycling timely moved to quash, arguing that because the IRS had previously reviewed the 2009 bank records, the summonses for those records were issued in violation of the prohibition on summonses for information already in the possession of the IRS. *Powell*, 379 U.S. at 57–58. The district court denied the motion, finding that Blair's declaration that the IRS did not possess the records satisfied the government's burden of demonstrating that the summonses were properly issued. Action Recycling appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291. After reviewing for clear error, we affirm. *See Fortney v. United States*, 59 F.3d 117, 119 (9th Cir. 1995).

## ANALYSIS

The IRS may issue a summons pursuant to § 7602 for the purpose of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . or collecting any such liability." 26 U.S.C. § 7602(a). If the IRS issues a summons to a third party, the taxpayer is entitled to notice of the summons (subject to the exceptions set forth in § 7609(c)(2)–(3)) and has a right to intervene and to move to quash the summons. *See* 26 U.S.C. §§ 7603, 7609. Congress has mandated that "[n]o taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless . . . the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary." 26 U.S.C. § 7605(b). In *Powell*, the Supreme Court interpreted § 7605(b) to require the IRS to "show that [1] the investigation will be conducted pursuant to a

legitimate purpose, [2] that the inquiry may be relevant to the purpose, [3] that the information sought is not already within the Commissioner's possession, and [4] that the administrative steps required by the Code have been followed." 379 U.S. at 57–58. Only the third limitation is at issue here.

The purpose behind § 7602 is clear: it is intended "not to accuse, but to inquire" and "[a]lthough such investigations unquestionably involve some invasion of privacy, they are essential to our self-reporting system." *United States v. Bisceglia*, 420 U.S. 141, 146 (1975); *see also United States v. Arthur Young & Co.*, 465 U.S. 805, 815–16 (1984) (recognizing that the self-assessment system relies upon taxpayers' forthright reporting and "the concomitant power of the Government to compel disclosure"). The burden imposed by *Powell* "is a slight one, and may be satisfied by a declaration from the investigating agent" addressing each element. *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993). Indeed, the requirement is minimal "because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." *Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985) (per curiam).

It is undisputed that the IRS does not currently possess copies of the statements. According to Action Recycling, however, the summonses fall afoul of *Powell* because "the IRS did have possession of *all* of the FYE 2009 bank statements at one time, from which Agent Hudson was able to obtain the information now sought by Agent Blair's summons."

The Internal Revenue Code does not expressly prohibit a summons for information already possessed by the IRS. This restriction arises from the Supreme Court's explanation in *Powell* of what would constitute an "unnecessary" examination, which the Code does prohibit. 379 U.S. at 57-58; *see also United States v. Davis*, 636 F.2d 1028, 1037 (5th Cir. 1981) (stating that "[r]ead in context, we construe the 'already possessed' principle enunciated by *Powell* as a gloss on § 7605(b)'s prohibition of 'unnecessary' summonses"). As noted in *Powell*, Congress enacted the prohibition on unnecessary examinations in order to prevent "overzealous" tax inspectors from making repeated visits to the taxpayer that create "unnecessary annoyance." 379 U.S. at 54 (quoting 61 Cong. Rec. 5855 (Sept. 28, 1921) (statement of Sen. Penrose)). Congress emphasized agents' responsibility to exercise prudent judgment in wielding the Code's summons powers. *Id.* at 56. It did not "intend[] the courts to oversee the Commissioner's determinations to investigate." *Id.*

Assuming that the IRS temporarily had possession of all of the information in the bank statements during the period that Hudson was reviewing them, that information is not currently in the IRS's possession. The limited notes and tabulations made by Hudson record only a monthly total of deposits and expenditures. The notes do not include information about each individual deposit and expenditure, which is crucial to any calculation of Action Recycling's taxable income and legitimate deductions. The fact that the IRS may have had access to the information at a prior time does not necessarily mean that the IRS will be understood to continue to possess that information.

The Court in *Powell* read the limitations in § 7605(b) narrowly, further supporting the district court's determination that the facts here fall outside of the third *Powell* limitation. *See* 379 U.S. at 53–59 (cautioning against a stringent interpretation that could "hamper the Commissioner in carrying out investigations he thinks warranted," and noting that "the legislative history of § 7605(b) indicates that no severe restriction was intended"); *see also Arthur Young*, 465 U.S. at 816–17 (emphasizing that "courts should be chary in recognizing exceptions to the broad summons authority of the IRS or in fashioning new privileges that would curtail disclosure under § 7602"). We join the Fourth, Fifth, and Seventh Circuits in rejecting the argument that the IRS already "possesses" the summonsed information simply because a Revenue Agent has previously reviewed the documents. *See Spell v. United States*, 907 F.2d 36, 38 (4th Cir. 1990) (holding that "the showing of abuse of process necessary to quash an administrative summons must be 'predicated on more than the fact of re-examination'") (quoting *Powell*, 379 U.S. at 51); *United States v. Texas Heart Inst.*, 755 F.2d 469, 476–77 (5th Cir. 1985), *overruled on other grounds by United States v. Barrett*, 837 F.2d 1341, 1351 (5th Cir. 1988) (en banc) (per curiam)*; United States v. Lenon*, 579 F.2d 420, 421–22 (7th Cir. 1978).

Action Recycling complains that if we reject its argument, then "the third prong of the *Powell* Doctrine is in fact meaningless." Action Recycling is mistaken. Where the IRS already possesses copies of particular records obtained from the taxpayer, it cannot issue repeat summons to the taxpayer for the exact same records. This limitation prevents unnecessary summonses that are designed to "harass the taxpayer" or that otherwise abuse the court's process. *See Powell*, 379 U.S. at 54–59. This limitation was not designed,

however, to obstruct the ability of the IRS to obtain relevant information necessary to a legitimate investigation. *See United States v. Euge*, 444 U.S. 707, 711 (1980) (noting that "this Court has consistently construed congressional intent to require that if the summons authority claimed is necessary for the effective performance of congressionally imposed responsibilities to enforce the tax Code, that authority should be upheld absent express statutory prohibition or substantial countervailing policies"); *see also Liberty Fin. Servs.*, 778 F.2d at 1393 (holding that IRS can request copies of documents it already possesses from other sources in order to confirm their accuracy).

We decline to contort the narrow holding in *Powell* to create a new barrier to the IRS's summons power. As the Court stated repeatedly in *Powell*, "[t]he burden of showing an abuse of the court's process is on the taxpayer, and it is not met by a mere showing, as was made in this case, that . . . the records in question have already been once examined." 379 U.S. at 58.

As to the remaining *Powell* factors, the IRS documented through Blair's declaration that the investigation has a legitimate purpose, that the records sought may be relevant to that purpose, and that the IRS followed the required administrative steps. With this prima facie case established, Action Recycling "'bear[s] the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the Service. . . . Without a doubt, this burden is a heavy one.'" *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997) (en banc) (quoting *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 316 (1978)). Action Recycling has not met this burden. To the contrary, the record demonstrates that the summonses were not issued in "bad faith or for an

improper purpose." *Crystal v. United States*, 172 F.3d 1141, 1153 (9th Cir. 1999). Accordingly, the IRS has established its compliance with the *Powell* standards and the summonses may be enforced.

**AFFIRMED.**